The State v. Slaughter, *Appellant.*

1. **Incest.** As long as section 6, chapter 206, Gen. Stat. 1865, page 816, was in force, incest was not an indictable offense. The law was otherwise previous to 1865, and the old law has been restored by the revision of 1879, § 1538.

2. **The Repeal of a Statute** does not operate a revival of the common law.

*Appeal from Clay Circuit Court.*—Hon. Geo. W. Dunn, Judge.

Reversed.

*H. L. Routt, G. S. Withers* and *Wm. M. Burris* for appellant.

Section 6 says " within which marriages are, by law

declared to be *incestuous* and void." The statute in relation to marriages declares that marriages within certain degrees are absolutely void, but nowhere are any marriages declared *incestuous* and void. Other marriages, as between parties where either has a former husband or wife, are void under the law, but none are declared incestuous. Wag. Stat., §§ 2, 3, p. 929. The statute is too vague in defining the offense and no punishment is fixed for the same. "A case is not to be brought by construction within a statute unless it is completely within its words." Bishop on Stat. Crimes, § 220.

*J. L. Smith*, Attorney-General, for the State.

The fallacy of the appellant's position lies in assuming that the phrase "as declared by law" means "as declared by statute" and nothing else. 2 Bouv. Law Dict., (14 Ed.) Tit. Law pp. 12, 14; *Chamberlain v. Beller*, 18 N. Y. 115; Wag. Stat., § 1, p. 886. By the law of nature and of God, all marriages between near relations by blood or marriage, are declared to be incestuous. 2 Kent Com., pp. 82, 83, 84; *Sutton v. Warren*, 10 Met. 451; Bishop Marr. & Divorce, §§ 376, 377; *Wightman v. Wightman*, 4 John. Ch. 343, 348; Story Conf. Laws, (Redf. Ed.) §§ 113, 113a, 114, 114a, 114b, et seq; 1 Bouv. Inst., (Gleas. Ed.) 9; Potter's Dwarris, 36, 37, 38. Prohibitions of the natural law are of absolute, uniform and universal obligations. They become rules of the common law which is founded in the common reason and acknowledged duty of mankind, sanctioned by immemorial usage, and as such, are clearly binding. 4 John. Ch. 350; 1 Shars. Blackst., 67, 79; 1 Kent Com., 469, 470. The general acquiescence of the courts, and the bar, in the doctrine that incest is punishable as a crime in this State, is apparent from the text books and our reports. Kelley's Crim. Law, § 844; *State v. Bullir er* 54 Mo. 142.

HENRY, J.—At the March term of the Clay circuit court, the defendant was indicted under section 6, Wag.

Stat., 499, and charged with lewdly and lasciviously abid-
ing and cohabiting with Lucy Slaughter, he being her
uncle. Section 6 reads as follows: "Persons within the
degrees of consanguinity, within which marriages are, by
law, declared to be incestuous and void, who shall inter-
marry with each other, or who shall commit adultery or
fornication with each other, or who shall lewdly and las-
civiously cohabit with each other, shall, upon conviction,
be adjudged guilty of incest, and shall be punished by im-
prisonment in the penitentiary not exceeding seven years."
The only persons who are punishable, under that section,
for marrying, committing fornication or adultery, or lewdly
and lasciviously cohabiting with each other, are those
who are within the degrees of consanguinity within which
marriages are declared to be incestuous and void. It is
not sufficient that they are within the degrees of consan-
guinity within which marriages are declared to be void
only. Section 6 is a penal statute, and is to receive a strict
construction, and unless by the law of this State, when the
acts alleged were committed, a marriage between an uncle
and niece was declared to be incestuous, defendant could
not have been guilty of any offense defined in that section.
In the marriage act of 1835, "all marriages between
parents and children, including grand children and grand
parents of every degree, between brothers and sisters, of
the half as well as the whole blood, and between uncles and
nieces, aunts and nephews, are declared to be incestuous
and absolutely void;" and in the same revision was a section
identical with that under which defendant was indicted.
These two sections were retained in every subsequent revis-
ion of the statute until 1866, when the section of the
marriage act prohibiting marriages between the persons
therein designated, was amended by striking out the word
"incestuous," and including among forbidden marriages,
those "between white persons and negroes." There was,
therefore, no statute in this State declaring any marriage

incestuous when the defendant committed the act with which he is charged.

The attorney-general contends that, although this may be, yet that the common law in regard to incestuous marriages was then in force in this State. The section of the marriage act which forbade and declared incestuous and void, the marriages therein named, was in effect, a repeal of the common law. It covered the whole ground. In England there was a controversy between the temporal and the ecclesiastical courts, the latter greatly extending the impediments to marriage, and a statute was passed in the reign of Henry VIII to restrain the usurped power of the clergy, and providing "that no reservation or prohibition, God's law excepted, shall trouble or impeach any marriage without the levitical degrees." Even under this statute a marriage between a man and the sister of his deceased wife was incestuous. It was so when, in 1816, we adopted the common law, and if our act did not repeal the common law, such a marriage is yet incestuous; but it would astonish the bar of this State if we should decide that a marriage between a man and a sister of his deceased wife is incestuous and void. The act of our Legislature declared certain marriages incestuous and void, and others not included in the terms of the act could not be incestuous here.

The act declaring incestuous and void marriages between parents and children, nephews and nieces, &c., continued in force from 1835 to 1866, a period of thirty-one years, and, in the latter year, was amended by striking out the word "incestuous," and this we consider a clear indication of legislative intent, that such marriages were not thereafter to be deemed incestuous under the laws of the State, however they might be regarded by the law of God. If the section of the marriage act under consideration repealed or superseded the common law on the subject of incestuous marriages, its repeal would not revive the common law. Section 3. Wag. Stat., 894, provides: that

" where any law repealing any former law, clause and provision, shall itself be repealed, it shall not be considered to revive such former law, &c., unless it be expressly otherwise provided;" and section 3, Wag. Stat., 896, vol. 1, provides that " the repeal of the acts and parts of acts revised and re-enacted in the general statutes aforesaid, or repugnant to the provisions thereof, shall not revive any law heretofore repealed or superseded."

Until the statute of Henry VIII, *supra*, was enacted, neither the temporal nor the ecclesiastical courts held marriages between persons within the levitical degrees absolutely void, and even after that statute was passed the temporal courts did not undertake to say that any marriage was void unless incestuous according to the law of nature. The section, therefore, under which defendant was indicted, evidently referred to our marriage act which declared such marriage to be both incestuous and void. Incest was not a crime at common law. Persons within the prohibited degrees marrying each other, were not indictable for so doing. The only legal consequence was that the marriage might be annulled, and the issue bastardized. Our last General Assembly substituted for section 6, under which defendant was indicted, section 1538, Revised Statutes of 1879, page 268, which reads as follows : " Persons within the following degrees of consanguinity, to-wit: Parents and children, including grand parents and grand children of every degree, brothers and sisters of the half as well as of the whole blood, uncles and nieces, aunts and nephews, who shall intermarry with each other, or who shall commit adultery or fornication with each other, or who shall lewdly or lasciviously cohabit with each other, shall be adjudged guilty of incest, and be punished by imprisonment in the penitentiary not exceeding seven years." This cures the defect which, as we have seen, existed in our criminal code when the defendant was indicted, and confirms our opinion that a legislative act was necessary

to make the offense of which he was accused indictable in this State. All concurring, the judgment is reversed.