W. B. HINDMAN, Appellant, v. CITY OF SPRINGFIELD, Respondent.

### St. Louis Court of Appeals, May 16, 1899.

City Marshal: FEES: STATUTORY CONSTRUCTION. When the legislature by the act of 1893 renewed the liability of the city to its marshal in certain cases, to make that effective it should have provided also for the rate of charge specified in the original act, or re-enacted a new schedule of fees. Its failure to do either was a legislative *omissus*. Held, that without statutory warrant the fees sued for can not be recovered.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

PATTERSON & PATTERSON, D. C. DADE and W. D. TAT-LOW for appellant.

The fees in controversy were earned by the appellant, Hindman, from the fourth day of May, 1894, to the fourth day of May, 1898. The charter then provided the city should in no event be held liable for any costs or fees to any police judge or marshal in any case tried before the police judge of said city, unless the defendant be convicted and committed. Session Acts of 1893, page 75, section 56. Under the charter of this city, from 1889 up to 1893, it was expressly provided "that the city shall in no event be held liable for any costs or fees, either to a recorder or marshal, in any case tried before the recorder of such city, wherein the city is a party to the suit." R. S. 1889, sec. 1566. The charter of the city, from 1889 up to 1893, was changed by the act of 1893, section 56, *supra*. * * * The fact that the appellant, Hindman, accepted the salary of $720 per year does not prevent him from recovering from the city, fees that he had earned, and for which they were liable under the charter. This has been repeatedly decided by the courts of this country. Bowe v. St. Paul, 73 N. W. Rep. (Minn.) 104; People v. Wayne Co., 41 Mich. 4; People ex rel. v. Board of Police, 75 N. Y. 38; Kerhn v. State of New York, 93 N. Y. 291; Rudlett v. St. Paul, 66 N. W. Rep. 967. In a case like this, where the city has no power to take away the fees, even an express and positive agreement between it and its officer, to accept a less or a different compensation from that fixed by the statute, would be against public policy and void, and such agreement would not protect the city. This has been repeatedly decided by the courts of this country. Purdy v. Independence, 39 N. W. Rep. (Ia.) 64; Hawkeye v. Brainard, 33 N. W. Rep. 603; Tappan v. Brown, 9 Wend. 175; Hall v. Gavvitt, 18 Ind. 390. The same public policy is plainly deducible from an express statute of this state, with reference to this subject. R. S. 1889, sec. 3726.

ARCH A. JOHNSON for respondent.

An officer is not entitled to fees of any kind unless they are expressly authorized by statute. The law conferring such right must be strictly construed, because of statutory origin. Shed v. Railroad, 67 Mo. 687; Gammon v. Lafayette, 76 Mo. 675; Ford v. Railroad, 29 Mo. App. 616; State v. Wofford, 116 Mo. 220; State ex rel. Troll v. Brown, S. W. Rep. of Nov. 14, 1898, page 504. The charter of a city is its constitution which authorizes it to act, and a city council is a miniature general assembly, and their authorized ordinances have the force of laws passed by the legislature of the states. St. Louis v. Foster, 52 Mo. 513. Under the charter of cities of the third class, as it existed in 1892 (the date of the ordinances fixing the compensation to be received by the marshal), the city council had the right to fix the compensation of such officer at a salary of $720 per annum, and such fees as are given by law to constables where such fees are paid by defendant. As the charter provided that in no event should the city be liable for any costs or fees to any recorder or marshal, in any case tried before the recorder. R. S. 1889, sec. 1566. And said charter further provides, "The council shall have power to fix the compensation of all the officers and employees of the city. R. S. 1889, sec. 1540.

BOND, J.—The plaintiff was elected marshal of the defendant city for two terms, beginning the fourth of May, 1894, and ending the fourth of May, 1898, and received for his services as such the compensation allowed by an ordinance enacted by the city council April 5, 1892. The defendant was originally incorporated under a special act approved December 16, 1845 (see local acts 1855, pages 299-310), which, and the acts amendatory thereto, was amended and consolidated into one act by a special act approved March 30, 1874.

Both special acts contained a provision that "the marshal of said city should serve all writs and process to him directed by the recorder, and should receive the same fees therefor as constables." , Subsequently the defendant incorporated as a city of the third class under the general statutes of 1877. In that act and in all subsequent acts relating to the charters of cities of the third class; occurs the following provision: "All laws or parts of laws, or ordinances, not inconsistent with this article, which were in operation in such city prior to its organization under this article, shall continue in force until repealed." With reference to cities of the third class the Revised Statutes of 1889, section 1566, is to wit: "The city shall in no event be held liable for any costs or fees, either to any recorder or marshal in any cause tried before the recorder of such city wherein the city is a party to the suit." This continued to be the law until 1893, Session Acts, page 75, section 56, when the legislature enacted the following clause for the government of cities of the third class, to wit: "The city shall in no event be held liable for any costs or fees to any police judge or marshal in any cause tried before the police judge of such city unless the defendant is convicted and committed." Under this act the plaintiff seeks to recover from the city the same fees for services as marshal in certain cases where the defendants were convicted and committed which would have been recoverable by a constable for like services. Neither the rendition of such services, nor the correctness of the amount charged, according to the schedule of fees, allowed constables, is denied in the answer. The defense is that plaintiff's compensation as marshal was validly fixed by an ordinance of the defendant in force during his term of office, which sum was paid to and received by him in full satisfaction of his services as its officer. The cause was tried by the court without a jury and judgment rendered for defendant, from which plaintiff appealed.

If the theory upon which plaintiff's action is predicated can be legally sustained, the ordinance relied upon in defendant's answer presents no obstacle to a recovery, for if the legislature by the Act of 1893, *supra*, made the defendant liable to plaintiff for fees according to a fixed rate or schedule, then the defendant had no power by its ordinance to restrict or alter that liability, since the act in question was a part of its charter, which could not be annulled nor modified by mere ordinance or by-law. Carr v. St. Louis, 9 Mo. 190. The question therefore is, what rights accrued to plaintiff under the Act of 1893? When the defendant originally obtained its charter the duties of its marshal were defined and the specific fees to be recovered by him were expressly prescribed. In 1889 so much of the act giving particular fees to the marshal as entitled him to recover the same against the city was repealed by the language of the Revised Statutes, section 1566, which provided that the city should in no event be liable therefor. This was not an amendment of the preceding law, but was a distinct repeal of all of its provisions theretofore applicable to the liability of the city for any costs or fees to its marshal. It is clear, therefore, that henceforward no rate or schedule of charges existed in his favor against the city. Both its former liability and the measure thereof, were swept away by the general language of the statute. In other words, before the act, the marshal had a right to fees and to a particular rate of charge, but the act abolished both against the city. It is true that this repealatory act was itself repealed by the Act of 1893 to the extent of leaving the city liable when it convicted and committed an offender against its laws. But this partial reestablishment of the city's liability was not accomplished by any provision fixing anew the measure of its liability. It is a matter of plain statute that the repeal of a repealatory act does not revive the first statute, nor the preceding common law on the subject. R. S. 1889, sec. 6594; State v. Vic De Bar, 58 Mo. 395; State v. Slaughter, 70 Mo. 484. When the legislature by this act of 1893 renewed the liability of the city to

its marshal in certain cases, to make that effective it should have provided also for the rate of charge specified in the original act, or re-enacted a new schedule of fees.

OMISSUS.     Its failure to do either was a legislative *omissus*, which we have no power to cure.   The plaintiff in this case can point to no existing statute giving him fees at the rate computed in his account against defendant. The authorities are uniform that without such statutory warrant the fees sued for can not be recovered.   Our conclusion is that the judgment must be affirmed.   All concur.