[Crim. No. 865. First Appellate District, Division One.—November 18, 1919.]

# THE PEOPLE, Respondent, v. E. J. KANNGIESSER, Appellant.

[1] CRIMINAL LAW—INDECENT ASSAULT UPON BOY—ACCOMPLICE—CORROBORATION—INSTRUCTION.—In this prosecution for the commission of an indecent assault upon a boy nine years of age, the court, after instructing the jury that if the prosecuting witness consented to the commission of the offense he was an accomplice and his testimony required corroboration, properly instructed the jury that "Consent in law means a voluntary agreement by a person in the possession and exercise of sufficient mentality to make an intelligent choice to do something proposed by another. Consent differs very materially from assent. The former implies some positive action and always involves submission. The latter means mere passivity or submission which does not include consent. In cases of this character the age and mentality of the subject of an indecent assault is important and should always be considered in determining the presence or absence of consent. The mere submission of a child of tender years to an attempted outrage of his person should not in and of itself be construed to be such consent as would in point of law justify or excuse the assault."

[2] ID.—BOY AS ACCOMPLICE—QUESTION FOR JURY.—In such prosecution, whether under the evidence the boy upon whom the indecent assault was committed was an accomplice, or, what is the same thing, consented to the commission of such act, was a question of fact to be determined by the jury.

[3] ID.—COMMISSION OF SODOMY BY BROTHER—IMPEACHMENT OF WITNESS—PROPER FOUNDATION NOT LAID.—In such prosecution the question whether the brother of the prosecuting witness had committed the act of sodomy upon him was improper for the purpose of impeaching the witness where the proper foundation for it was not laid.

[4] ID.—MISCONDUCT OF DISTRICT ATTORNEY—FAILURE TO ASSIGN AS ERROR.—Misconduct of the district attorney during his argument to the jury must be assigned at the time. Such objection cannot be raised for the first time upon appeal.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

John L. McVey for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—The defendant was charged by information with the violation of section 286 of the Penal Code. He was tried by jury, convicted, and given an indeterminate sentence. He appeals from the judgment and from the order denying his motion for a new trial.

The first contention made for a reversal of the judgment and order is that the evidence is insufficient to support the verdict in that the story of the prosecuting witness, John Smith, as detailed to the jury was not corroborated. The theory of the prosecution is that such corroboration was unnecessary, for the reason that John Smith was not an accomplice, he being at the time of the commission of the offense a boy nine years of age, who did not know the wrongfulness of the act in which the defendant engaged (Pen. Code, sec. 26, subd. 1); that consequently he could not give the necessary consent to the commission of the act to constitute him an accomplice.

[1] Whether or not under the evidence the boy was an accomplice was submitted to the jury by the following portion of the court's charge:

"Section 1111 of the Penal Code provides as follows: 'A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense.' . . .

"If you find from the evidence in this case that John Smith was at the time of the alleged commission of said offense of the age of less than fourteen years, and that it is clearly proved in this case that at the time of the alleged commission of the offense he, the said John Smith, consented to the commission of the said offense, then and in that event the said John Smith is an accomplice within the meaning of the section of the code I have just read to you, and the testimony of John Smith must be corroborated by such other evidence in this case as shall tend to connect the defendant with the commission of the offense. . . .

"Consent in law means a voluntary agreement by a person in the possession and exercise of sufficient mentality to make an intelligent choice to do something proposed by another. Consent differs very materially from assent. The former implies some positive action and always involves submission. The latter means mere passivity or submission which does not include consent. In cases of this character the age and mentality of the subject of an indecent assault is important and should always be considered in determining the presence or absence of consent. The mere submission of a child of tender years to an attempted outrage of his person should not in and of itself be construed to be such consent as would in point of law justify or excuse the assault."

It thus appears that the jury were clearly advised as to what constitutes an accomplice, the distinction between the consent necessary to constitute one an accomplice and mere assent and submission without consent.

The charge finds support in the case of *People* v. *Dong Pck Yip,* 164 Cal. 143, [127 Pac. 1031], in which the court said: "The alleged victim of the assault was a boy nine years of age. . . . It may be admitted that the evidence shows that the boy was ignorantly indifferent and passive in the hands of the defendant, even to the point of submission; but there is a decided difference in law between mere submission and actual consent. Consent in law means a voluntary agreement by a person in the possession and exercise of sufficient mentality to make an intelligent choice, to do something proposed by another. 'Consent' differs very materially from 'assent.' The former implies some positive action and always involves submission. The latter means mere passivity or submission, which does not include consent. In cases of the character under discussion the age and mentality of the subject of an indecent assault is important, and should always be considered in determining the presence or absence of consent. The mere submission of a child of tender years or retarded mental development to an attempted outrage of its person should not in and of itself be construed to be such consent as would in point of law justify or excuse the assault. It is neither unreasonable nor unnatural to assume that such a child in the hands of a strong man might be easily overawed into submitting without actually consenting."

[2]   There is evidence in the record that the boy did not know the wrongfulness of the act committed upon him, but whether under the evidence he was an accomplice, or, what is the same thing, consented to the commission of such act, was a question of fact to be determined by the jury. As was said by the supreme court in the case of *People* v. *Tom Woo et al.*, 181 Cal. 315, [184 Pac. 393] : "In passing upon this question we will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt.   (1) For it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground we are discussing, it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below."

[3]   The defendant also complains that the court refused to permit him to show that the boy's brother had committed the act of sodomy upon him, and he argues that this testimony was admissible to impeach the prosecuting witness, and to show perhaps a motive on the part of such witness for charging the defendant with the commission of the offense.

The question was improper for the purpose of impeaching the witness, for the reason that the proper foundation for it was not laid, but aside from this objection the record shows that the defendant was permitted without objection to answer this very question.

From the evidence it appears that, the prosecuting witness testified that the defendant had used vaseline upon the private parts of the boy while consummating the act charged, and a bottle containing this substance was identified by another witness.   Several witnesses examined by the district attorney identified the bottle of vaseline, and they testified that in camping or upon automobile trips they had slept with the defendant.   The defendant insists that the purpose of this evidence was to intimate that the defendant had been guilty of other similar offenses.   Regarding the jurors as

reasonable men, we do not agree with the defendant that they may have drawn the inference from either or both of these circumstances that these witnesses had themselves been guilty of the offense of sodomy with the defendant, and we are of the opinion that the defendant was not prejudiced by such testimony.

[4] With reference to the defendant's further contention that the district attorney was guilty of misconduct during his argument to the jury in his reference to a certain witness and his relations with the defendant, it is sufficient to say that there was no assignment of misconduct made with reference thereto at the time, and such objection cannot be raised for the first time upon appeal. (*People* v. *Shears*, 133 Cal. 154, [65 Pac. 295].)

During the impanelment of the jury there was some discussion as to whether or not the jury should consist wholly of men, but, notwithstanding the assertion of the defendant to the contrary, nothing then said by the district attorney or by the court had any tendency to injure or prejudice the defendant, whose rights throughout the entire trial were carefully guarded by the court.

The judgment and order are affirmed.

Waste, P. J., and Richards, J., concurred.