[Crim. No. 692. Third Appellate District.—June 7, 1923.]

THE PEOPLE, Respondent, v. CARTER SINGH, Appellant.

[1] CRIMINAL LAW—INFAMOUS CRIME AGAINST NATURE—EVIDENCE—APPEAL.—In this prosecution for the commission of the infamous crime against nature, while there was a sharp conflict in the evidence, the story of the victim of the assault, a boy of the age of nine years, having disclosed every fact material to a conviction, the case was properly one for the jury to determine, and the appellate court could not substitute its judgment for theirs as to the facts.

[2] ID.—INSTRUCTIONS—DEFINITION OF CRIME.—In such a prosecution, an instruction, in the language of section 287 of the Penal Code, that "any sexual penetration, however slight, is sufficient to complete the crime against nature," is not rendered erroneous by the addi-

tion of the further statement that "evidence of emission is not necessary."

[3] ID.—DATE OF COMMISSION OF OFFENSE.—In such a prosecution, the jury is properly instructed that "it is not necessary for the prosecution to prove the commission of the offense" on the date charged in the information, "but proof of its commission at any time on or about that date and within three years of the filing of the information is sufficient," where there is no evidence or claim of more than one offense.

[4] ID.—CHILD AS ACCOMPLICE.—In such a prosecution, it is not error to instruct the jury that "in the absence of clear proof that at the time of committing the act constituting the crime he knew its wrongfulness, a child under the age of fourteen years is presumed incapable of committing a crime, and cannot therefore be deemed an accomplice."

[5] ID.—GOOD CHARACTER—EVIDENCE.—In such a prosecution, it is not error to refuse an instruction to the effect that evidence of good character is evidence relevant to the question of guilty or not guilty, where there is not such proof.

[6] ID.—REPUTATION—EVIDENCE.—In a prosecution for the commission of the infamous crime against nature, evidence of the reputation of the defendant is properly restricted to his general reputation "for the elements involved in the charge," and evidence of his reputation for truth, honesty, and integrity is properly held inadmissible.

[7] ID.—INTEREST OF FATHER—EVIDENCE.—In such a prosecution, it is not error to refuse to permit the defendant to show the interest and ill feeling of the father of the boy (the victim of the assault) toward the defendant, where the father is not called as a witness for the people and the complaint which was sworn to by him is not introduced as evidence.

[8] ID.—STATEMENTS OF BOY—CONFIRMATION BY MOTHER.—In such a prosecution, the boy having testified on direct examination in response to a proper question that he had made complaint to his mother, and on cross-examination in an effort to discredit his testimony defendant having required him to state just what he had said to his mother, it was permissible to allow his mother to confirm what he had said; but even if it was error to permit her to so testify, the error was not prejudicial to defendant, where her testimony merely confirmed the testimony of the boy.

APPEAL from a judgment of the Superior Court of Sutter County. K. S. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. E. Ebert and W. E. Davies for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Appellant was convicted of the infamous crime against nature and he appeals from the judgment and the order denying his motion for a new trial. [1] The victim of the assault was a boy of the age of nine years and his story as recited on the witness-stand discloses every fact material to a conviction. We cannot say that his testimony is inherently improbable or that the jury was not justified in according it full credit. It would do no good to set out the testimony or to comment further upon it, and while it is true that there was a sharp conflict in the evidence, the case was properly one for the jury to determine, and we have no right to substitute our judgment for theirs as to the facts.

[2] There was no error in giving the following instruction: "Any sexual penetration, however slight, is sufficient to complete the crime against nature. Evidence of emission is not necessary." The criticism of appellant is directed particularly to the last sentence in said instruction. The first sentence is in the exact language of section 287 of the Penal Code and is a part of the definition of the crime. It must be read in connection with the preceding section and as thus construed it reveals all the elements sufficient to constitute the crime and necessarily removes by implication from the prosecution the burden of proving the circumstance mentioned in the concluding portion of the instruction. In *People* v. *Hodgkin,* 94 Mich. 27 [34 Am. St. Rep. 321, 53 N. W. 794], cited by appellant, the supreme court of Michigan based the decision upon the ground that the statute dispensing with the necessity for such proof had been repealed, and that therefore the common law was in effect, which required such showing.

[3] The court did not err in instructing the jury that "it is not necessary for the prosecution to prove the commission of the offense on that date (December 6, 1922), but proof of its commission at any time on or about that date and within three years of the filing of the information is sufficient." There was no evidence or claim of more than

one offense and hence the authorities cited by appellant are not in point. In *People* v. *Williams,* 133 Cal. 165 [65 Pac. 323], many acts were committed, and it was held that the main charge could not be dispensed with by giving such an instruction, but that it should have been selected and notified to the defendant at the commencement of the trial, as the offense upon which the prosecution intended to rely.

*People* v. *Elgar,* 36 Cal. App. 114 [171 Pac. 697], involved a similar situation. Herein no such confusion or injustice could result from the instruction. It was given for the reason that the boy was not certain of the exact date of the commission of the offense, but it is apparent from his and other testimony that it was on the date mentioned or within a very few days of it.

Appellant complains of instruction No. 7 as to reasonable doubt. He says that a similar instruction was criticised by this court in *People* v. *Del Cerro,* 9 Cal. App. 764 [100 Pac. 887], and *People* v. *Tomasovich,* 56 Cal. App. 520 [206 Pac. 119]. Such is the case and we think there is merit in the criticism, but in each instance it was held that the fault was not such as to demand a reversal of the judgment and we adhere to that view.

[4] The court instructed the jury that it was for them to determine whether the complaining witness was an accomplice, but appellant contends that the court virtually withdrew the question from the jury by giving this instruction: "In the absence of clear proof that at the time of committing the act constituting the crime he knew its wrongfulness, a child under the age of fourteen years is presumed incapable of committing a crime, and cannot therefore be deemed an accomplice." The only comment upon the instruction by appellant is as follows: "While this instruction follows section 26 of the Penal Code, the addition of the words 'and cannot therefore be deemed an accomplice,' had the effect of taking from the jury the very question which the court in instruction No. 10 advised them they had to pass upon."

We think appellant has misconstrued said instruction. If the court had unqualifiedly instructed them that the prosecuting witness could not be deemed an accomplice, the criticism would be just as there would have been a clear invasion of the province of the jury. But the instruction must be considered as a whole, and while not very happily

expressed, the reasonable construction is that unless clearly shown that the prosecuting witness understood the wrongfulness of the act, where he is under the age of fourteen years, the presumption is that he is incapable of committing a crime and therefore cannot be an accomplice in its commission. Manifestly, if incapable of committing it, he cannot be an accomplice. To say, therefore, that in the absence of such proof he is presumed to be incapable of committing crime is tantamount to saying that he. is presumed not to be an accomplice. It still left it for the jury to determine whether this presumption was overcome by the evidence. We do not understand appellant as questioning the competency of the legislature to prescribe such rule of evidence as is presented in said section 26 of the Penal Code. For further discussion of the principle we may refer to *People* v. *Dong Pok Yip,* 164 Cal. 143 [127 Pac. 1031]; *People* v. *Camp,* 26 Cal. App. 385 [147 Pac. 95]; and *People* v. *Kanngiesser,* 44 Cal. App. 345 [186 Pac. 388].

[5] Appellant next complains of the refusal of the court to give his proposed instruction: "I instruct you that evidence of good character is evidence relevant to the question of guilty or not guilty, and is to be considered by you in connection with the other facts and circumstances in the case. . . . The good character of the defendant, when proven, is itself a fact in the case; it is a circumstance tending, in a greater or less degree, to establish his innocence; and it is not to be put aside by the jury in order to ascertain if the other facts and circumstances considered in themselves do not establish his guilt beyond a reasonable doubt."

The rule itself is well established (*People* v. *Ashe,* 44 Cal. 288), but it had no application to the case, since there was no such proof. [6] Appellant, indeed, asked a certain witness this question: "Do you know what his reputation for truth, honesty, and integrity is?" but the court held that the evidence must be confined to the traits involved in the accusation, stating to the defendant that he would be permitted to show his general reputation "for the elements involved in the charge," but appellant declined to follow the suggestion of the court, and in fact withdrew the question. The ruling was clearly right, since

the reputation of the defendant for "truth, honesty and integrity" had not been assailed by the prosecution.

[7] It is claimed that "the court erred in refusing to permit the defendant to show the interest and ill feeling of the father of the boy toward the defendant. It appears that the complaint was sworn to by the boy's father and it was proper for the defendant to show that the complaining witness was biased and prejudiced against defendant. (*People* v. *Bird*, 124 Cal. 32 [56 Pac. 639]; Code Civ. Proc., secs. 2049, 2052.)" But the father was not called as a witness for the people, nor was said complaint introduced in evidence. We do not understand that a defendant may call a person as a witness simply for the purpose of discrediting him. The purpose of such showing is to weaken the effect of the testimony which the witness has given in favor of the adverse party. If he has not testified there is, of course, no ground or reason for any impeachment. In the Bird case the prosecuting witness, Griffith, had testified against the defendant and it was sought to show his bias and hostility, but the lower court would not permit it. Said sections of the code also refer to the impeachment of a witness, who has given adverse testimony at the trial.

[8] Another objection of appellant is that "the court erred in permitting the mother of the boy to state the details of the boy's complaint." She was asked, "What did Lloyd say to you at the time?" and she answered: "He complained all the time of running off at the bowels, he couldn't hold passages, and I asked him what was the matter, 'Did you get hurt?' and he said 'yes,' one of the children at school kicked him. And on Friday evening he came home from school and looked awful pale and crying and went to the toilet and I went out and asked him what was the matter and said, 'I will have to take you to the doctor to-night," and he cried and told me Carter Singh did this, that Carter Singh "corn-holed him." There was no motion to strike out any portion of the answer, although a general objection was made to the question.

In *People* v. *Barney*, 114 Cal. 554 [47 Pac. 41], it is said: "There was no error in overruling defendant's objection to the question propounded to Mrs. Boone, the child's mother, as to whether, shortly after the date of the alleged offense, the child made any complaint to her about

any injuries she had received from defendant. . . . In cases of this kind the prosecution is always permitted to prove that the injured party made complaint of the injury while it was recent.''

In *People* v. *Figueroa,* 134 Cal. 159 [66 Pac. 202], it was held proper to ask the mother concerning the child the following question: ''Now, when you got here to the house did she make any complaint about what had happened?'' The supreme court, however, took occasion to say: ''Of course, any narrative of the child as to what the defendant did would not be admissible.'' This latter statement is, no doubt, in accordance with the generally recognized rule, and, ordinarily, the form of the question should be as suggested without calling for the conversation.

But herein the boy had previously testified on direct examination in response to a proper question that he had made complaint to his mother. In the cross-examination in an effort to discredit his testimony appellant required him to state just what he had said to his mother. He did so in the language which we have already quoted from his mother's testimony. Under such circumstances it was probably permissible, according to the authorities, to allow the mother to confirm what he had said. At any rate, in view of the boy's testimony it is reasonable to hold that the error, if any, was without prejudice. It is almost inconceivable, indeed, that if the mother had simply stated that he complained of his treatment by the defendant, that the verdict would have been different. The effect upon the jury would have been the same.

We have given careful attention to the earnest contention of appellant that he has been grievously wronged by the action of the jury and the trial judge, but we cannot assume the responsibility that belongs to them.

Finding substantial evidence to support the verdict and judgment and believing that no prejudicial error was committed we must leave the conclusion undisturbed.

The judgment and order are affirmed.

Finch, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 6, 1923.