[Crim. No. 1487. Second Appellate District, Division Two.—September 1, 1927.]

THE PEOPLE, Respondent, v. ARMANDO VALENCIA, Appellant.

Joseph R. Marquette, Jr., for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and James S. Howie for Respondent.

THOMPSON, J.—The defendant was charged by an information in two counts with the offense of statutory rape. At the time of the trial the prosecutrix testified that she did not have sexual intercourse with the defendant on the day of June 13, 1926, as alleged in the second count, and for that reason it was dismissed. She did, however, testify that the offense charged in the first count was committed on June 6, 1926. The jury returned a verdict of guilty on this count and the defendant appeals from the judgment pronounced thereon and also from the order denying his motion for a new trial.

While put by appellant in several different forms, his attack upon the judgment amounts to this: (1) That the *corpus delicti* was not proved and the confession of defendant was improperly admitted; (2) that the court erred in

permitting the prosecutrix to testify concerning the act, because she demonstrated a lack of knowledge sufficient for a basis of discrimination; (3) that counsel's argument at the time of trial was erroneously curtailed; (4) that the court refused to give a requested instruction; and (5) that the evidence is so incredible, improbable and far from being clear and convincing that it is insufficient to justify the verdict.

■ Assuming for the moment that the testimony of the prosecutrix was admissible, and that the objections which counsel has to it run to the weight rather than to its admissibility, then the testimony related by her and two doctors furnishes evidence covering every element of the offense and establishes the *corpus delicti* sufficiently for the introduction of the confession of the defendant. She testified to her age of fifteen years and to the act of sexual intercourse. ■ Doctor Beatty examined the witness on November 18, 1926, and found that she had been pregnant seven or eight months. Doctor Polesky testified to the birth of a child to the complaining witness on December 25, 1926. While the defendant argues that the testimony of the doctors should have been stricken, and that instead of proving the act it tended to disprove it by reason of the fact that the normal period of human gestation is nine months. Nevertheless it must be borne in mind that the prosecutrix testified that she had never had intercourse with any other person. And in this connection, it was decided in the case of *People* v. *Johnson*, 51 Cal. App. 464 [197 Pac. 135], that testimony as to the birth of a child to the prosecuting witness within approximately one month after the act charged, "where it was the consistent claim of prosecutrix that she had had no relations with any other man," was proper. The weight to be given this evidence was, of course, a matter properly left to the jury. For the purposes of considering this appeal, however, the *corpus delicti* was amply established.

Counsel for appellant also asserts without argument or authority that it was error to permit the police officer to testify that the answers made by the defendant to the questions which were propounded to him and constituting a confession, were "free and voluntary." Such presentation of alleged error is not sufficient to demand our considera-

tion of the points involved. (*People* v. *Zarate,* 54 Cal. App. 372 [201 Pac. 955].) Regardless of that, however, we have carefully scanned the record and we find that counsel searchingly examined all of the witnesses present at the time the answers were given without eliciting a trace of force, coercion, or threats. The confession was properly admitted.

▮ Appellant's argument that it was error to permit the prosecutrix to testify because she demonstrated a knowledge insufficient for a basis of discrimination is likewise untenable. In testifying to the act of intercourse she expressed it by saying that the defendant, while she was lying upon the ground, took out his "private parts," and put them in hers. She also testified that she did not know what the "private parts" of man were. Later, on cross-examination, when asked if she knew what was meant by the expression when applied to herself, she said, "I do not know how to say it." This statement, together with the context of the remainder of her examination discloses that she was not so much in ignorance concerning what was meant by the expression as she was at a loss to express herself. We are satisfied that if there be any objection it concerns the weight of the testimony and not its admissibility.

▮ After the evidence was taken the court announced that it would give each side thirty minutes for argument, to which appellant's counsel replied that he doubted whether he could cover the ground in thirty minutes; that possibly the court was possessed of the ability, but that he was not. He now assigns the limitation as error without attempting in any manner to show wherein the defendant's rights were prejudiced. For aught that appears in the record counsel underestimated his ability and was able to present all the argument necessary or desirable. There is nothing to indicate that it was not a reasonable limitation of time.

▮ The court refused to give an instruction requested by defendant in words: "that the jury must find that the defendant did have sexual intercourse with the complaining witness on the date charged. Evidence of the commission of the act on any other day would not sustain a judgment of conviction." He now assigns the refusal as error and points to the case of *People* v. *Williams,* 133 Cal. 165 [65 Pac. 323], as his authority. The distinction between the instant case, where only one act was alleged and proved,

and the Williams case is pointed out in the cases of *People* v. *Singh*, 62 Cal. App. 450 [217 Pac. 121], and *People* v. *Britt*, 62 Cal. App. 674 [217 Pac. 767]. In both of the cases last mentioned it was specifically stated that where many acts are committed and proved it is necessary that the prosecution select the one upon which it is intended to rely, but that the rule can have no application in a case where no offense is proved other than the one alleged.

We have recited sufficient of the testimony heretofore that it is unnecessary for us in considering whether the evidence is sufficient to detail more, except to point out that in the statement signed by the defendant and introduced in evidence he admitted having had sexual intercourse with the complaining witness on or about the time charged. Under the testimony of the physicians and defendant's admission, this case does not fall in the category of such cases as *People* v. *Hamilton*, 46 Cal. 540, wherein the prosecutrix was uncorroborated, but rather it is controlled by the principle of *People* v. *Johnson*, 131 Cal. 511 [63 Pac. 842], *People* v. *Moore*, 155 Cal. 241 [100 Pac. 688], and *People* v. *Porter*, 48 Cal. App. 237 [191 Pac. 951]. To quote the language of *People* v. *Porter*, *supra*, "We cannot say that it is an irrational conclusion from the" testimony "that the defendant is guilty as charged."

Judgment and order affirmed.

Works, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 31, 1927.