THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee,·*v.* BARTOLO GUTIÉRREZ PÉREZ ET AL., Defendants and Appellants.

No. 14798.   Argued November 6, 1950.—Decided November 15, 1950.

*Gaspar Gerena Bras* for appellant.   *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Frank Vizcarrondo Vivas, Assistant Fiscal,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Bartolo Gutiérrez Pérez and Prudencio Erazo Mayor were accused of the infamous crime against nature. They were jointly tried by the court which found them guilty and imposed on them an indeterminate sentence of 1 to 1½ years of imprisonment in the penitentiary at hard labor. Both have appealed and allege as the only error that the lower court "did not have sufficient evidence before it to warrant a conviction since it was not proved that there was 'emission' and because the hour and the way in which the eyewitnesses report that the event happened, and because of their contradictions, the witnesses' theory is clearly unbelievable."

According to § 278 of the Penal Code as amended by Act No. 42 of May 4, 1943 (Sess. Laws, p. 106) "Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the penitentiary for a minimum term of one (1) and a maximum term of ten (10) years." Because the crime is so vile and degrading, it is not defined in our Codes. *People* v. *León,* 67 P.R.R. 522, 526. The Section copied was

taken from § 286 of the California Penal Code. Section 287 of the Penal Code of said State provides that: "Any sexual penetration, however slight, is sufficient to complete the crime against nature." The equivalent of this Section, however, is not found in our Codes.

In discussing the error assigned, defendants maintain that since § 287 of the California Code, *supra*, was not copied in our Code, it indicates that the legislative purpose was to require proof of emission here. We do not agree.

Under the common law, in the past it was unsettled in England as to whether in prosecutions for crimes against nature it was necessary to prove emission (*emissio seminis*). However, upon the enactment of the statute of 9 Geo. IV, c. 31, it was established, beyond any doubts, that emission was not an essential element of the offense, and, accordingly, that it was not necessary to prove it. 48 Am. Jur. 550, § 3.

In the United States, however, there is diversity of opinion on the matter, but the prevalent rule today is, that like in cases of rape,[1] any sexual penetration, however slight, is sufficient to make out the crime against nature, and that emission need not be an element of the offense. *People* v. *Singh* (1923), 62 Cal. App. 450, 217 Pac. 121; *State* v. *McGruder* (Iowa, 1904) 101 N. W. 646; *Drawdy* v. *State* (Fla. 1929), 120 So. 844; *White* v. *Commonwealth* (Ky., 1903), 73 S. W. 1120; 23 Cal. Jur. 395, § 3; Burdwick's Law of Crime, vol. 3, p. 296, § 878; Wharton's Criminal Law, vol. 1, p. 1040, § 759. We believe that the general rule is the wisest, for otherwise, such a degrading crime would remain unpunished in many cases.

Given the crime involved we do not deem it advisable to summarize the evidence introduced. We have read it carefully and it is, in our opinion, not only credible but sufficient to support the conclusion of the lower court.

The judgment appealed from will be affirmed.

---

[1] See § 257 of our Penal Code. *Cf.* besides, Wharton's Criminal Law, vol. 1, p. 938, § 699.