EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* BARTOLO GUTIÉRREZ PÉREZ y PRUDENCIO ERAZO MAYOR, acusados y apelantes.

Núm. 14798.—*Sometido:* Noviembre 6, 1950. *Resuelto:* Noviembre 15, 1950.

*Gaspar Gerena Bras,* abogado de los apelantes; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Frank Vizcarrondo Vivas, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Bartolo Gutiérrez Pérez y Prudencio Erazo Mayor fueron acusados del infame crimen contra natura. Celebrado juicio conjuntamente contra ambos ante tribunal de derecho éste los declaró culpables y les sentenció a cumplir una pena indeterminada de 1 a 1½ años de presidio con trabajos forzados. Los dos han apelado de la sentencia así dictada en su contra y como único error alegan que el tribunal inferior "no tuvo ante sí suficiente prueba para justificar una convicción por no probarse que hubiera 'eyaculación' y porque a la hora y en la forma que relatan los testigos oculares que ocurrieron los hechos y por sus contradicciones, resulta claramente inverosímil la versión de los testigos."

■■ De acuerdo con el artículo 278 del Código Penal, según quedó enmendado por la Ley núm. 42 de 4 de mayo de 1943 (pág. 107) "toda persona culpable del infame crimen contra natura, cometido con un ser humano o con alguna bestia, incurrirá en pena de reclusión de presidio por un término mínimo de un (1) año y máximo de diez (10) años." Por lo repugnante y degradante del delito, el mismo no aparece definido por nuestros códigos. *Pueblo* v. *León,* 67 D. P.R. 557, 559. El artículo copiado fué tomado del 286 del Código Penal de California. El 287 del Código Penal de dicho estado preceptúa que: "Cualquier penetración sexual, por leve que fuere, bastará para consumar el delito contra natura." El equivalente de ese artículo, sin embargo, no figura en nuestros códigos.

Al discutir el error señalado, los acusados sostienen que como en Puerto Rico no se copió en nuestro código el artículo 287 de California, supra, ello indica que el propósito legislativo fué que en este delito se exigiera aquí prueba de eyaculación. No estamos de acuerdo.

Bajo el derecho común, en el pasado no hubo en Inglaterra uniformidad de criterio respecto a si en el crimen contra natura era menester que el ministerio público probara que había habido eyaculación de semen (*emissio seminis*). Empero, al aprobarse allí el estatuto 9 Geo. IV, c. 31, quedó establecido de manera definitiva que ése no era un elemento esencial del delito y, por ende, que tal elemento no tenía qué ser probado. 48 Am. Jur. 550, sec. 3.

En Estados Unidos, sin embargo, hay disparidad de criterio sobre el particular, pero la regla de la mayoría hoy en día es que, al igual que ocurre en casos de violación, [1] la más leve penetración es suficiente para la consumación del crimen contra natura, sin que la eyaculación sea un elemento del delito. *People* v. *Singh*, 62 Cal. App. 450, 217 Pac. 121, (1923); *State* v. *McGruder*, 101 N. W. 646 (Iowa, 1904); *Drawdy* v. *State*, 120 So. 844 (Fla., 1929); *White* v. *Commonwealth*, 73 S. W. 1120 (Ky., 1903); 23 Cal. Jur. 395, sec. 3; Burdick's *Law of Crime*, vol. 3, pág. 296, sec. 878; Wharton's *Criminal Law*, vol. 1, pág. 1040, sec. 759. Creemos que la referida regla de la mayoría es la más sabia, pues de lo contrario, tan denigrante crimen quedaría impune en innumerables casos.

Dado el delito envuelto no creemos conveniente hacer una reseña de la prueba aducida. La hemos leído detenidamente y ella es, a nuestro juicio, no sólo verosímil si que también suficiente para sostener la conclusión a que llegó el tribunal inferior.

*Debe confirmarse la sentencia apelada.*

---

[1] Véase el artículo 257 de nuestro Código Penal. Cf. además Wharton's *Criminal Law*, vol. 1, pág. 938, sec. 699.