Battle, J.
 

 The main question in this case, and the only one which we deem it necessary to notice particularly, is, whether upon an indictment, under our statute, for carnally knowing and abusing a female child under the age of ten years, it is necessary to prove the emission of seed, in addition to the proof of penetration. This question has not hitherto been before the Supreme Court of this State for adjudication, either with regard to this crime or that of buggery. We are under the impression, however, .that on the circuits, proof of both penetration and emission have been, generally, deemed necessary, and have been required for the conviction of prisoners charged with either of these offenses.
 

 In England, the contrariety of opinion, as to the law on this subject, among her greatest writers and Judges, is remarkable. Lord Coke, in his 3 Inst. 59-’60, says that penetration only is necessary to consummate the offense, while in his 12 Rep. 37, proof of, both penetration and emission was held to be indispensible for the conviction of the offender. Lord Hale seems likewise to have entertained different opinions at different times; see 1 Hawk. Pie. ehap. 4,sec.2; chap.41, sec. 1, and 1 Hale P. O. 628. In 1721, a case was brought before eleven Judges upon a special verdict, when six of them thought both penetration and emission were necessary, while the other five deemed penetration, only, to be sufficient. The Judges being divided, it was proposed to discharge the special verdict and indict the prisoner fora misdemeanor; see 1 East P. Or. 437. After that time, for about sixty years, the weight of judicial authority seemed to be in favor of requiring proof of penetration only. But in 1781, a case occurred before Bullbr, Judge, in which the jury found there was
 
 *173
 
 penetration, but no emission, whereupon the learned Judge respited the prisoner until he could obtain the opinion of the other Judges. Two of them, to wit, Lord Loughborough and Heath, J., held with him, that the offense was complete; but eight others, including Lord Ch. B. Skynner and Lord Mansfield, were of a contrary opinion, upon the ground, that carnal knowledge must include both penetration and emission. They held, however, that the latter might be inferred from the former, unless the contrary appeared probable from the circumstances; as, for instance, where the offender was frightened away by the approach of other persons before he had had his will of his victim. The opinion of the majority of the Judges in this case, prevailed, without much question, until the year 1829, when, by the statute of 9th Geo. 4, chap. 31, it was declared (after the recital that many offenders had escaped on account of the difficulty of the proof in such crimes) that “ it shall not be necessary, in any of those cases, to prove the actual emission of seed, in order to constitute a carnal knowledge, but that the carnal knowledge shall be deemed complete upon the proof of penetration only.”
 

 "We have already stated our belief of what has been the prevailing opinion in this State, and in that opinion, we entirely concur. Our statute law, with regard to these offenses, is now, and has been heretofore, the same as that which existed in England, prior to the statute of 9th George 4, above referred to, and their adjudications upon their statutes, have, no doubt, influenced our Judges to adopt the same construction upon ours. It is an argument, of no little weight, in favor of that construction, that a boy, under the age of fourteen years, cannot be guilty of the offense of rape, because, until he arrives at about that period of life, he is incapable of emitting seed. Such has always been considered to be the law of England, and it has very lately been decided to be the law of this State ; see
 
 Rex
 
 v.
 
 Elderslaw,
 
 14 Eng. C. L. Rep. 367;
 
 State
 
 v. Rugh, 7 Jones, 61.
 

 In the case now before us, the presiding Judge might have submitted the facts to the jury and left it to them to make the
 
 *174
 
 inference that there was emission, if they believed that there was penetration. If the facts were found to be as testified by the witnesses, then the jury would have been justified in rendering their verdict, that the complete -offense had been committed ; but as our Legislature has not yet passed an act similar to that of 9th George 4, his Honor erred in telling the jury, that proof of emission was not necessary. For this error, the prisoner is entitled to have the judgment reversed, and a
 
 mnite de novo.
 

 Per Curiam,
 

 Judgment reversed, and a
 
 venire de novo.