Osgood vs. The State.

Osgood, Plaintiff in error, vs. The State, Defendant in error.

*October 20 — December 11, 1885.*

CRIMINAL LAW AND PRACTICE. *(1) Rape: Evidence: Instructions to jury. (2) Jury: Drawing and summoning: Presumption. (3) Reading information to jury.*

1. The evidence in this case is *held* to sustain a conviction of the crime of rape; and the instructions to the jury defining the crime and as to the consideration of the evidence by the jury, are *held* to have been correct.
2. In the absence of any showing to the contrary it will be presumed that jurors were regularly drawn and summoned.
3. It is not necessary to read the information to the jury when the defendant has been properly arraigned, and has pleaded to the information, and the jury have been fully instructed as to the nature of the crime with which he is charged.

ERROR to the Circuit Court for *Polk* County.

The information contained two counts, the first charging the defendant with the crime of rape, and the second charging an assault with intent to commit that crime, upon his daughter, a girl about thirteen years of age. The defendant was found guilty under the first count. Other facts are stated in the opinion.

The cause was submitted for the plaintiff in error on the brief of *Charles D. Smith*, and for the defendant in error on that of the *Attorney General*.

COLE, C. J. Though that ground is not assigned in the motion for a new trial, that the evidence is insufficient to sustain the conviction, yet this point is strongly relied on in the argument of counsel for the defendant below. But if the point had been formally made and considered by the trial court, it could not have prevailed in view of the evidence set forth in the bill of exceptions. The direct and positive testimony of the complaining witness, if believed

by the jury, is amply sufficient to support the verdict. The jury must have believed her testimony to have found as they did. And whatever may be said against the credibility of her statements as to the time and place the crime charged in the information was committed, we cannot say that these statements are so improbable as to be unworthy of credit. It is true, the crime is a very grave one, especially considering the relation of the parties and the age of the complaining witness. But the jury must have given credit to her statements, and considered them sufficient to establish the truth of the charge; so that the objection that the verdict is unsupported by evidence would fail, even if properly raised upon the record.

The first ground assigned for a new trial is that the jury was not regularly drawn and summoned. We are not clear as to what irregularity is relied on in support of this objection, but infer that counsel suppose the trial was at a special term ordered by the circuit judge pursuant to sec. 2426, R. S. But this was not the case. The defendant was tried at the regular term of the circuit court for Polk county, in December, 1882 (see ch. 90, Laws of 1882), and we must presume, in the absence of all showing to the contrary, that the jurors were regularly drawn and summoned for that term. Certainly, if any ground for a challenge to the panel existed, it should be made to appear affirmatively upon the record. We cannot presume that the jurors were irregularly summoned, or that they were not qualified jurors.

The next ground relied on in the motion for a new trial is error in the instructions of the court. Here we are left in the dark as to what particular parts of the charge are deemed erroneous or prejudicial to the defendant. True, there are three portions of the charge included in brackets in red ink which may have been excepted to on the trial, though there is nothing to show that such was the fact. But these parts of the charge are so obviously correct that

we shall not comment on or even quote them. The charge is quite lengthy, and is mainly devoted to an exposition of the law of rape, with some remarks upon the testimony. The learned circuit judge defined the offense of rape, and stated what were the essential elements of the crime. He said, in substance, that to constitute rape the use of force was essential in the commission of the crime, and that the act of connection must be forcibly committed without the consent and against the will of the female. He then dwelt upon what amounted to a sufficient carnal knowledge of the female to render the crime complete, saying there must be a penetration of the female organ by the organ of the male.

It seems to us that there is nothing in this charge of which the defendant can complain. There is no foundation for the suggestion that the trial judge exhibited any bias against the defendant in the charge, or that he encroached upon the province of the jury in his remarks upon the testimony. All questions of fact were fairly submitted under a charge which was very well guarded to protect all the rights of the defendant. The jury were, in effect, told that they must carefully scrutinize all the testimony; take into consideration the relation of the parties; the age of the prosecuting witness; all the circumstances as detailed by her attending the commission of the offense; the denial of her statements by the defendant; and, after weighing all the evidence in the case, they must be satisfied beyond a reasonable doubt of the guilt of the defendant, otherwise he was entitled to an acquittal at their hands. We do not think that the jury could have been in any way misled by the charge.

The information contains two counts: one for the crime of rape; the other for an assault with intent to commit that crime. The jury, however, were directed to state in their verdict under which count they convicted, if they should find the defendant guilty of either offense charged. The

defendant was convicted under the first count.   The last and only remaining ground for a new trial is that the contents of the information were not read to the jury before they returned with their verdict.   This was unnecessary. The record shows that the defendant was properly arraigned, and pleaded to the information; and the jury were fully instructed as to the nature of the crime with which he was charged.

After an examination we find nothing in the record which should reverse the judgment.   It is therefore affirmed.

*By the Court.*— Judgment affirmed.