COMMONWEALTH *vs.* JOHN HUSSEY & another.

Essex.   November 2, 1892. — November 25, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Indictment — Adultery — Averment.*

An indictment averring that A. and B. did on a certain date and in a certain place " commit the crime of adultery, by then and there having carnal knowledge of the bodies of each other," A. being a married woman and having a lawful husband alive other than B., and A. and B. not being lawfully married to each other, is sufficient to warrant a verdict of guilty.

INDICTMENT for adultery, averring that on September 18, 1892, the defendants at Haverhill " did commit the crime of adultery,

by then and there having carnal knowledge of the bodies of each other." At the trial in the Superior Court, before *Fessenden*, J., the defendants requested the judge to instruct the jury that in order to convict they must find that the act of sexual intercourse was completed by emission. The judge declined so to rule, and instructed the jury that they would be warranted in finding a verdict of guilty if they were satisfied beyond a reasonable doubt by the evidence that by the consent of each defendant there had been a penetration of the body of the female defendant by the person of the male defendant. The jury returned a verdict of guilty; and the defendants alleged exceptions.

*B. F. Brickett & C. H. Poor*, for the defendants.

*W. H. Moody*, for the Commonwealth.

FIELD, C. J. We are of opinion that the definition of what constitutes carnal knowledge of the body of a woman must be the same in prosecutions for adultery as in prosecutions for rape, and that according to the weight of authority the instructions given in the present case were correct. *Commonwealth* v. *Squires*, 97 Mass. 59. See *Commonwealth* v. *Roosnell*, 143 Mass. 32; *Comstock* v. *State*, 14 Neb. 205; *State* v. *Shields*, 45 Conn. 256; *Osgood* v. *State*, 64 Wis. 472; *Waller* v. *State*, 40 Ala. 325; *People* v. *Crowley*, 102 N. Y. 234; 9 George IV. c. 31, § 18; 24 & 25 Vict. c. 100, § 63; 2 Bish. Crim. Law, §§ 1127–1132; 1 East P. C. 436–440; *Regina* v. *Jordan*, 9 C. & P. 118; 3 Greenl. Ev. § 210.

*Exceptions overruled.*