## THE PEOPLE v. WILLIAM HODGKIN.

*Sodomy—Sufficiency of evidence.*

Emission is necessary to the consummation of the offense of sodomy, and, while it may be inferred from proof of penetration and the other circumstances of the case, it is a fact which the prosecution must establish before a conviction can be claimed.

Error to Sanilac. (Beach, J.) Argued November 17, 1892. Decided December 3, 1892.

Respondent was convicted of the crime of sodomy, and sentenced to the State House of Correction at Ionia for three years. Judgment reversed. The facts are stated in the opinion.

*J. B. Houck* and *Charles H. McGinley,* for respondent.

*A. A. Ellis,* Attorney General, and *W. H. Burgess,* Acting Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was informed against under section 9292, How. Stat., and convicted of the crime of sodomy. The circuit judge instructed the jury that the evidence of the offense was complete upon proof of penetration only. The defendant assigns error upon this

instruction, which assignment presents the only question which we deem it necessary to consider.

The statute does not, in terms, define what shall constitute the offense.   There has been some disagreement in the cases upon the question of whether proof of emission is necessary to establish the offense at the common law, the two offenses of rape and sodomy having been regarded by some courts as kindred, so far as relates to this question; but, as stated by Mr. Bishop, "though writers generally assume that rape and sodomy stand on common ground, reflection may suggest differences." 2 Bish. Crim. Law, § 1127. In England the question was not fully settled until 1781, when it was held that proof of emission was necessary to the consummation of the offense. *Hill's Case,* 1 East, P. C. 439. See *Stafford's Case,* 12 Coke, 37. The American cases are not uniform.   The following cases support the claim of the prosecution that proof of penetration only is necessary: *Com. v. Thomas,* 1 Va. Cas. 307; *Comstock v. State,* 14 Neb. 205 (15 N. W. Rep. 355); *Pennsylvania v. Sullivan,* 1 Add. 143. In North Carolina and Ohio the doctrine that emission is necessary obtains.    *State v. Gray,* 8 Jones (N. C.), 170; *Williams v. State,* 14 Ohio, 226.

The question has never been decided by the Supreme Court of this State.    But the Legislature in 1841 enacted a statute, the second section of which reads:

" *Whereas,* upon the trials for the crimes of buggery and rape, * * * offenders may escape by reason of the difficulty of the proof which has been required of the completion of those several crimes: for a remedy thereof, be it enacted, that it shall not be necessary, in any of these cases, to prove the actual emission of seed, in order to constitute a carnal knowledge, but that carnal knowledge shall be deemed complete upon proof of penetration only."

By Rev. Stat. 1846, p. 730, this statute was repealed.    A subsequent statute has been enacted which dispenses with the necessity of proof of emission in rape.    It is contended

that the effect of the repeal of the statute of 1841 is to revive the common law, and such, we think, is the general rule (End. Interp. Stat. § 475), although this rule may perhaps be subject to exception. See *State v. Slaughter*, 70 Mo. 484. But it will be observed that the act of 1841 was a clear legislative recognition of the common-law rule as laid down by the Ohio and North Carolina courts, and we think that the repeal of this statute evinces a purpose to revive the common-law rule as it was then understood to obtain in this State, and should be given force in determining what the common-law rule in this State then was, prior to the enactment of that statute. We think, therefore, that proof of emission was a necessary ingredient of the offense, and, while it may be inferred from proof of penetration and the other circumstances of the case, yet it is a fact which the prosecution must make out before a conviction can be claimed, and the instruction was therefore erroneous.

Judgment will be reversed, and a new trial ordered. The prisoner will be remanded to the custody of the sheriff of Sanilac county.

The other Justices concurred.