CASE 56—PROSECUTION AGAINST COLEMAN WHITE FOR SODOMY.— MAY 5.

# White v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

DEFENDANT CONVICTED AND APPEALS.   AFFIRMED.

SODOMY—CONSUMMATION OF OFFENSE—NECESSITY OF EMISSION—INSTRUCTION—ASSAULT AND BATTERY.

Held:   1. On a prosecution for sodomy it was not error to fail to give instructions covering the law of assault and battery, no assault and battery having been charged except as a part of the assault to commit the crime of sodomy.

2. An emission is not necessary to the consummation of the offense of sodomy.

M. BARNETT, ATTORNEY FOR APPELLANT.

We rely on two principal errors of the court for a new trial.

1. Because the court refused to give the peremptory instruction asked by appellant.

2. Because the court did not in its instructions define the offense charged, and failed to give an instruction covering the offense of assault and battery.

We contend, that in order to constitute this offense there must be proof both of penetration and emission.

The evidence did not show penetration exceeding half an inch and there was no proof of emission.

We further insist that the court erred in failing to give instructions covering the law of assault and battery included in the indictment.   Under the instructions given the jury were compelled to either acquit the defendant or find him guilty of

the felony charged. Clark's Cr. Law, p. 192; People v. William Hodgkin, 94 Mich., 27; State v. Wesley Gray, 8 Jones, N. C., 170.

C. J. PRATT, ATTORNEY GENERAL, AND McKENZIE, R. TODD, FOR THE APPELLEE.

1. The evidence in this case was sufficient and the necessary elements of the crime charged. It was not necessary to prove emission; that the parts were injured or a physician was called or needed.

2. The guilt of the accused is shown beyond a reasonable doubt, and this court will not reverse if there is any evidence to support the verdict.

3. The instructions given cover the law of the offense, and there is nothing in the evidence authorizing an instruction for assault and battery.

### CITATIONS.

Am. & Eng. Ency. of Law, vol. 22, p. 831; 73 Ga., 76; Bishop's New Cr. Proc., vol. 2, sec. 1018; 94 Mich., 27; Williams v. Com., 13 R., 753; Simmons v. Com., 13 R., 839; Smith v. Com., 16 R., 169; Travis v. Com., 96 Ky., 77.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The appellant was convicted of the crime of sodomy, and his punishment fixed at two years' confinement in the penitentiary.

We are asked upon this appeal to reverse the judgment rendered pursuant thereto on two grounds: First, because the testimony did not establish the guilt of the accused; and, second, because the court erred in not pointing out and advising the jury as to the specific acts that constitute the offense.

Every person of ordinary intelligence understands what is meant by a charge of sodomy, and the instructions given in this case follow the language of the indictment, and are, we think, sufficiently specific. It is also insisted that the court erred in failing to give instructions covering the law of assault and battery. No assault and battery is charged

against the defendant, except as a part of his assault to commit the crime of sodomy. This is the offense sought to be punished, and we think the court did not err in failing to instruct the jury for any other offense.

It is also insisted that emission is necessary to the consummation of the offense of sodomy, and that, as the proof wholly failed on this point, the jury should have been directed to find the defendant not guilty. The decisions on this point have not been uniform, but the drift of the latter decisions in both the English and American courts is to hold that nothing more than *res in re*, without regard to the extent of the penetration or emission, is all that is required. See Bishop's New Criminal Law, vol. 2, section 1127.

Finding no error in the record, the judgment is affirmed.