## STATE OF IOWA v. JANE JUDD, Appellant.

**Incest:** INDICTMENT: SURPLUSAGE. The use if the word " felon-
iously " in charging incest does not signify a knowledge of the
relationship, but simply that the act is a felony, and it will be
treated as surplusage.

**Same.** Under the statute knowledge of the relationship is not an
element of the crime of incest.

**Incest:** EVIDENCE. Evidence in the nature of admissions offered to
prove the relationship is admissible in a prosecution for incest.
In the instant case the evidence of relationship is held sufficient
to take the issue to the jury.

**Discrediting evidence:** ADMISSIBILITY. Evidence on cross-examina-
tion of a witness for defendant, that he was related. to both
parties charged with the offense of incest, was competent as
affecting his credibility, although tending to establish the re-
lation of the offending parties.

**Similar offences.** Evidence of undue intimacy or intercourse prior
to that charged is admissible in a prosecution for incest.

**Evidence:** PREJUDICE: HARMLESS ERROR. Where a witness has
admitted a hostility toward defendant on cross-examination,
which was elicited for the purpose of affecting her credibility,
an inquiry on redirect as to the cause of the hostility is not
proper, though in the instant case it was without prejudice.

**Instructions:** REQUESTS. In the absence of a request it is not error
to omit from the charge to the jury specific reference to evi-
dence which tends directly to negative the charge in the in-
dictment.

**Incest:** PENETRATION: EMISSION. Penetration alone is sufficient to
constitute the crime of incest without proof of emission.

*Appeal from Mitchell District Court.*— HON. J. F. CLYDE,
Judge.

TUESDAY, NOVEMBER 20, 1906.

THE defendant was convicted of the crime of incest, and
appeals.— *Affirmed.*

*C. D. Ellis, G. E. Marsh,* and *Roberts & Warner,* for appellant.

*Chas. W. Mullan, Attorney General,* and *Lawrence De Graff, Assistant Attorney General,* for the State.

LADD, J.— The indictment charged that the defendant " did then and there feloniously have carnal knowledge of one Homer Richardson, the said Homer Richardson then

1. INCEST: in-          and there being the brother of said defendant's
dictment:
surplusage.          mother." It is contended that the use of the word " feloniously " is equivalent to charging that the act was done knowingly; ·*i. e.,* with the knowledge on the part of the defendant of her relationship to Homer Richardson, and that, having so alleged, it was incumbent on the State to prove the allegation as alleged. At the common law the use of the word " feloniously " or its equivalent in charging felony was indispensable to an indictment for felony. *Bowler v. State,* 41 Miss. 570; *Mott v. State,* 29 Ark. 148; *State v. Williams,* 30 Mo. 364; *Kaelin v. Com.,* 84 Ky. 354 (1 S. W. 594); *State v. Rechintz,* 20 Mont. 488 (52 Pac. 264).· The authorities seem to be in conflict as to whether the same rule prevails when the offense is one created by statute. 1 Bishop on Crim. Proc. 534. All that is necessary in this State is to allege the facts constituting the offense in ordinary and concise language with such certainty and in such manner as to enable a person of common understanding to know what is inteded and the court to pronounce judgment according to law upon a conviction. Section 5289, Code. And in so doing it is unnecessary to include the word " felonious " or " feloniously " in charging a felony (*State v. Griffin,* 79 Iowa, 568); or " burglarious " or " burglariously " in charging burglary (*State v. Short,* 54 Iowa, 392). Though unnecessarily inserted in the indictment, however, such words ought to be given no greater effect than would have been accorded them under the common-law system of

pleading. As here employed " feloniously " would have imported no more than that the act charged was a felony and no other significance should be accorded the word under the Code system of pleading in vogue in this State. This is equivalent to saying that, if it is not descriptive of the identity of what is legally essential to the charge in the indictment, the word may be rejected as surplusage. Section 5290, Code. See *State v. Newland,* 7 Iowa, 242; *State v. Hesner,* 55 Iowa, 494; *State v. Verden,* 24 Iowa, 126; *State v. Bailey,* 31 N. H. 521; *People v. Myers,* 20 Cal. 76.

Even were it to be construed as meaning knowingly or with knowledge there is authority for treating it as surplusage also. 1 Chit. Crim. Law 241; 1 Bishop, Crim. Proc. section 505; Com. v. Squire, 1 Metc. (Mass.) 258. But this we do not determine, as " feloniously " in the connection used cannot be so understood and amounted to no more than saying the crime charged was a felony. Nor, in the absence of that word, was affirmative proof of knowledge on the part of the State necessary in order to convict. Incest appeared to have been a capital offense in the time of the commonwealth in England, but the statute was not renewed at the Restoration, and thereafter it was not an indictable offense, the punishment thereof being relegated to the ecclesiastical courts. *State v. Keesler,* 78 N. C. 469.

The crime is purely statutory, and, as scienter is not included in the definition contained in the section of our Code defining it, it is not an element of the crime and therefore need not be alleged in the indictment nor affirmatively proven in order to justify a conviction. *State v. Rennick,* 127 Iowa, 294; *State v. Glindemann,* 34 Wash. 225 (75 Pac. 800, 101 Am. St. Rep. 1001); *State v. Dana,* 59 Vt. 614 (10 Atl. 727); *Simon v. State,* 31 Tex. Cr. R. 186 (20 S. W. 399, 716, 37 Am. St. Rep. 802). See *State v. Newton,* 44 Iowa, 45, 16 Am. & Eng. Ency. of Law (2d Ed.) 138; 22 Cyc. 47. In *State v. Pennington,* 41 W. Va. 599 (23 S. E. 918), the

2. SAME.

point was not involved. Whether proof of absence of knowledge might be shown by way of defense is not raised by the record and therefore is not considered.

II. To prove the relationship of the accused to Homer Richardson one George Nelson testified that he had known defendant ten years, and during that period. she had lived

3. INCEST: evidence. with Byron Judd and wife, and, over objection, was permitted to say that he had heard her " call them father and mother frequently," had heard her call Homer Richardson " uncle " frequently, and Mrs. Judd refer to Homer Richardson several times as her brother in the presence of defendant. It is urged that this was not the best evidence. Such proof is in the nature of admissions and not open to this objection. That it was admissible is well established by the authorities. _ *State v. Schaunhurst,* 34 Iowa, 547; *People v. Jenness,* 5 Mich. 305; *Morgan v. State,* 11 Ala. 289; *Bergen v. People,* 17 Ill. 426 (65 Am. Dec. 672).

It is also contended that even though admissible the evidence was insufficient to ·establish relationship, and, for this reason, the motion to direct a verdict of acquittal at the close of the State's evidence should have been sustained. Doubtless many persons are addressed as father or mother or uncle who do not sustain that relation. On this account the effect to be given the use of such terms, when applied to particular persons, necessarily depends much upon the surrounding circumstances. The relationship of a daughter, however, may well be inferred from long residence with ·another whom she habitually addresses as mother and that of uncle from frequent reference to him as such by the accused and of the mother in her presence as brother.

III. John Richardson, witness for the accused, testified, on cross-examination, that he was a brother of Homer Richardson

4. DISCREDITING EVIDENCE: admissibility. ardson and uncle of defendant. This was admissible as showing the relationship of the witness to the party as affecting his credibility and this, al-

though the answer might have some bearing on the issue of relationship. The latter might furnish ground for limiting the consideration of the evidence to the credibility of the witness but would not justify excluding it.

Evidence of undue intimacy or of intercourse prior to

5. SIMILAR OFFENSES.

that charged was admissible. *State v. Hurd,* 101 Iowa, 391; *People v. Koller,* 142 Cal. 621 (76 Pac. 500); *State v. More,* 115 Iowa, 178; *State v. King,* 117 Iowa, 484.

IV. A witness freely admitted her feelings against defendant on cross-examination, and said that she had grieved that defendant and her people lived next door to her; that

6. EVIDENCE: prejudice; harmless error.

she had said that she would like to get the family out of the town and had talked with her husband about it, and, if this should happen, it would be a great benefit to herself and husband. On redirect examination she was asked why she was anxious to get rid of defendant and answered, over obejction: "She isn't fit to bring up children by." The object of this cross-examination was to show the feeling of the witness towards the accused as bearing on her credibility and it was not competent to go into the details concerning the relations between them. The ruling was without prejudice, however, as the witness had indicated her extreme hostility, and what was said on redirect examination could have added nothing to the objection she had already expressed.

V. The defendant relied on evidence that Homer Richardson was elsewhere at the time of the alleged offense and complains of the court's omission to instruct with reference

7. INSTRUCTIONS: requests.

thereto. Such evidence tended directly to negative the charge in the indictment, and, in the absence of a request for an instruction, it was not error to omit specific reference thereto in the charge to the jury.

VI. Exception is taken to the court's instruction that penetration without emission constituted carnal knowledge. This was correct. The statute of this State has eliminated

the necessity of proof of emission in prosecutions for rape.

8. INCEST: penetration: emission.
*State v. Carnagy,* 106 Iowa, 483, and in the recent case of *State v. McGruder* (Iowa), not yet reported, we reached the conclusion that it was not essential to a conviction of sodomy. In a review of the early English decisions Mr. East found that, prior to the separation of the colonies from the mother country, proof of penetration alone was held to constitute carnal knowledge. 1 East, P. C. 437. In a note to *Smith v. State* (80 Am. Dec. 355), Mr. Freeman expresses the opinion that this " should settle the question and establish that emission is not necessary and that penetration is sufficient." Such appears to be the voice of the greater weight of authority in this country, though the English courts subsequently held the two proofs — penetration and emission — essential. *Waller v. State,* 40 Ala. 325; *Comstock v. State,* 14 Neb. 205 (15 N. W. 355); *Osgood v. State,* 64 Wis. 472 (25 N. W. 529); *People v. Crowley,* 102 N. Y. 234 (6 N. E. 384). The difficulty of making proof of emission has driven authorities to the contrary to the expedient of supplying it by an inference thereof from the fact of penetration. But this can only be justified when the sexual act is shown to have been completed. In Commonwealth v. Hussey, 157 Mass. 415 (32 N. E. 362, 34 Am. St. Rep. 270), the accused was interrupted after penetration and yet the court held him rightly convicted of adultery. The same rule should obtain in trials for incest. If, as contended, one of the objects of the statute denouncing it is the avoidance of defective progeny an equally potent reason for punishing adultery is the danger of spurious offspring. Both also are condemned because obnoxious to domestic peace and social purity. Neither is any the less so when penetration alone occurs, and this is a persuasive argument in favor of the conclusion we reach that proof thereof will sustain a conviction of either crime.

Lastly, appellant insists that the evidence was insuf-

ficient to sustain a finding that there was penetration. This may be inferred from circumstances. State v. Carnagy, *supra.* Here little was left to inference for the witnesses testified with particularity to the act of intercourse. No other conclusion could well have been reached.— *Affirmed.*