State v. Harbert, 20 N. M. 179

---

[No. 1698, March 11, 1915.]

## STATE v. HARBERT.

### SYLLABUS BY THE COURT.

Proof of penetration alone is sufficient to establish the crime of rape.

P. 181

Appeal from District Court, Chaves County; McClure. Judge.

W. P. Harbert, convicted of the crime of statutory rape, appeals. Affirmed.

W. W. GATEWOOD and R. L. GRAVES of Roswell, for appellant.

The evidence is not sufficient to sustain the verdict. The case must therefore be reversed.

Stain v. Albuquerque, 10 N. M. 491; Spencer v. Gross Kelly, 135 Pac. (N. M.) 77; Romero v. Gonzales, 3 N. M. 5.

"Substantial," as used in the decisions of the court, means "of real worth and value." 2 Stand. Dict. 1793.

Children are highly imitative. The testimony of the children in the case at bar is made up of wild assertions.

· Prior to 1781 the common law provided that proof of penetration was sufficient, and emission need not be proved.
1 East. P. C. 436.

But later in the English common law it was held that emission was indispensable on the ground that carnal knowledge could not exist without it.
Hill's case, 1 East. P. C. 439; Rex v. Burrows, Russ & Y. 519.

Since that time statutes in England have made penetration alone sufficient.
9 Geo. IV, ch. 31, sec. 18; 24 and 25, Vict., ch. 100, sec. 63.

Penetration alone is not sufficient.
Blackburn v. State, 22 Ohio St. 102, 110; Williams v. State, 14 Ohio, 222, 226; State v. Hargrave, 65 N. C. 466; State v. Gray, 53 N. C. 170.

IRA L. GRIMSHAW, Assistant Attorney General, for the State.

By a long line of decisions this court has held that the verdict of a jury will not be disturbed where there is any substantial evidence to support it. The question is whether or not the JURY were justified in finding appellant guilty on the evidence, not whether the *court* is satis-fied beyond a reasonable doubt that he is so guilty.

There was no proper exception taken to instruction 11, and therefore the contention of appellant thereon is not before the court, as is held by a long line of cases in this state.

State v. Chenault, 20 N. M. 181

## OPINION OF THE COURT.

MECHEM, District Judge.—The defendant was convicted of statutory rape under the provisions of section 1090, Comp. Laws 1897. The state's case depended upon the credibility given by the jury to the testimony of the complaining witness, who was 13 years of age, and two other young girls, aged 11 and 12. While it may be true, as urged upon us, that young females are more often guilty of the crime of false accusation than other individuals of the species, yet this objection is one directed solely to their credibility as witnesses, and therefore necessarily within the province of the jury and the trial judge. After carefully scrutinizing the entire record, we can say that the statements of these witnesses do not bear the badge of fiction, and that there is nothing in the case as to the condition or situation of the persons involved, nor in the circumstances and setting of the transaction, which raises any suspicion that the defendant was victimized.

The court's instruction No. 11 that penetration only was sufficient to constitute a rape correctly stated the law.

The other errors assigned by appellant have all been considered and adjudged not to be well taken.

The judgment of the lower court is affirmed.

ROBERTS, C. J., and HANNA, J., concur.

---

[No. 1721, March 11, 1915.]
## STATE v. CHENAULT.

### SYLLABUS BY THE COURT.