DOZIER WASHINGTON DRAWDY, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion filed March 19, 1929.

*Alto Adams* and *Otis R. Parker,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant for the State.

ELLIS, J.—The plaintiff in error was indicted and convicted of the unmentionable crime and seeks reversal of the judgment on writ of error.

The evidence we deemed to be sufficient to sustain the verdict. A discusssion of it is unnecessary as it would serve no useful purpose. Two witnesses saw the accused in the act and so testified. They were unable to say that there was actual emission and counsel contend that as such fact is a necessary ingredient of the crime the circumstances to which the witnesses testified were not sufficient to exclude the inference that it did not occur; that the rule in circumstantial evidence applies, which is: The facts must not only be consistent with the theory that emission occured but must be inconsistent with any other reasonable supposition.

The answer to that proposition is that emission is not nor was it at common law a necessary ingredient of the crime charged. See 2 Bishop on Crimes (7 Ed.) Sec. 1128. It is not a necessary ingredient of rape in this State. Sec. 7153, Comp. Gen. Laws 1927; Barker v. State, 40 Fla. 178, 24 So. R. 69.

Upon the subject of penetration we think the evidence was sufficient to justfy the jury as reasonable men to arrive at the conclusion they reached. It does not appear from a reading of the evidence that the jury could not have rendered the verdict they did. The verdict should not therefore be reversed. See Hagan v. State, 66 Fla. 268, 63 So. R. 443.

There is a question presented by the record in this case to which we will call attention although we do not now decide the point. We pass it under the authority of Peninsular Industrial Insurance Co. v. State, 61 Fla. 376, 55 So. R. 398; McQuagge v. State, 80 Fla. 768, 87 So. R. 60.

The record proper in this case contains neither the verdict of the jury nor the judgment of the court. They both appear, however, in the bill of exceptions. The transcript was probably made up under the provisions of Chapter 12019, Acts of 1927, which it is probably assumed affords authority for not observing the regular and logical order of procedure in preparing the transcript of the record in a cause in which it is desired to invoke the jurisdiction of this Court to review the judgment rendered by the trial court. The Act, among other things, provides that any motion, pleading, proceeding, document or other matter exhibited only by the bill of exception when it *should* have been exhibited by the record proper, shall be considered by the appellate court "with the same force and effect" as if it had been "exhibited in its *proper place* in the transcript of the record."

Assuming that a verdict or a judgment may be classed as a "motion, pleading, proceeding, document or other matter," it is perfectly clear that in the legislative mind it constitutes a part of the record and should be exhibited by it when an appellate court exercises its jurisdiction to review the judgment rendered. That is true because an appellate court has jurisdiction by virtue of its creation to review only upon the record certified to it by the duly constituted authority the conduct of a cause which has proceeded to judgment.

The clerk of the court is the custodian of the court's records and he alone is the authorized officer to certify to such records. Those records import verity and are alone evidence of what they contain. It is no more the duty of the trial judge and no more within his power to certify to a verdict or a judgment than it is the duty or within the power of the clerk to certify as to what occurred *in pais* at the trial which it is the function of a bill of exceptions to preserve and when signed it may become part of the record of the proceedings and trial but not necessarily a record of the judgment.

Under our statute a bill of exceptions may under certain circumstances be authenticated by a certain number of bystanders in case the judge should refuse to sign it. In such case if the above statute, Chapter 12019, *supra,* is to be construed as including a verdict and judgment there would exist the anomalous situation of having a judgment certified to this Court by unofficial persons. When the clerk certifies to the transcript he merely certifies to the contents of the bill of exceptions when it is so made up.

Is it within the constitutional power of the Legislature to require the appellate judicial power of this State which is vested by the Constitution in this Court to be exercised upon a transcript of a record made up by other than the

constitutionally created custodian of such records? It is he whose certificate under the seal of the court imports verity as to the contents of a record of the judgment in a cause and upon that only may the appellate jurisdiction of this Court be exercised.

Whether the Legislature may interfere to such an extent with the exercise of judicial authority well deserves some consideration when the point is duly presented.

The judgment is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.