143 P.2d 264

**STATE v. NEVILLE.**

No. 4789.

Supreme Court of New Mexico.
Nov. 18, 1943.

Mears & Mears, of Portales, for appellant.

Edward P. Chase, Atty. Gen., and Robert W. Ward, Asst. Atty. Gen., for appellee.

MABRY, Justice.

Appellant was convicted of the crime of assault with intent to rape and appeals. The questions presented by his assignments of error are: (a) that the evidence is insufficient to support a conviction and (b) that the trial court erred in refusing to give a certain cautionary instruction requested by appellant. There is no merit to either contention.

We notice first the assignment going to the sufficiency of the evidence to support the verdict. In this, as in cases of other character, the court will not disturb a verdict based on substantial evidence. State v. Ancheta, 20 N.M. 19, 145 P. 1086; State v. Harbert, 20 N.M. 179, 147 P. 280. Appellant's principal contention seems to be that the evidence falls short of showing an intention to commit rape.

We believe the evidence in this respect was ample and that sufficient facts are shown from which intent might reasonably be inferred. People v. Makovicki, 316 Ill. 407, 147 N.E. 393; State v. Krantz, 138 Minn. 114, 164 N.W. 579.

Appellant had gone to the farm of a neighbor, where the prosecutrix and her mother and other members of the family were working, to get permission of the mother to take the prosecutrix to his farm home to work a few days for his wife; she and appellant then left in his automobile to go to appellant's home, passing by the home of the prosecutrix where they stopped, at appellant's suggestion, and insistence, that the prosecutrix go in her house to get her clothes. There was no one at her home at the time, as appellant well knew. After prosecutrix had gotten her clothes and left the house, declining assistance from the appellant who asked if he might come in and aid her, appellant forced her back into the house, and, holding both of her arms, forced her into a bedroom. After holding and twisting her arms and against her resistance appellant himself removed all her clothes excepting her shoes and stockings, tearing some of her garments in the process; he then removed his pants and shirt; he struck her, causing bodily bruises, and swelling; she tried to break loose but was unsuccessful. He then shoved her onto the bed where he forcibly detained her for some ten or fifteen minutes, by holding and twisting her arm and by placing his knee in her side. When asked what he was going to do,.

he replied, "You know what I am going to do", and continued molesting her and struggling against her resistance. He ceased his attempts to violate her only after she repeated that she was going to tell his wife, her mother and the "law".

This sums up substantially the evidence which the prosecutrix herself gave. There is additional evidence showing that as soon as she could get away from appellant's presence after he brought her to his home, and within an hour or two, she ran across a field to the house of a neighbor and, crying, reported the incident. This neighbor together with the prosecutrix thereafter, and late in the same day, reported the incident to the mother of the prosecutrix who had then returned home.

█ The entire defense, as it relates to the charge, rests upon the untenable ground that the essential element of intent has not been sufficiently shown. The intent with which the act was done is a question of fact, to be determined in the first instance by the Jury from the declaration of the assailant or from the character, manner and circumstances of the assault. Crosby v. People, 137 Ill. 325, 27 N.E. 49.

█ We have said that there must be substantial evidence to establish that the person charged with such an offense "intended to have intercourse with the female by force and against her will, and that he not only used force where an assault is charged, but used such force with the intention at the time to have sexual intercourse with her in defiance of, and notwithstanding, any resistance she might make". · State v. Duckett, 24 N.M. 28, 172 P. 189. But this is not to say that the intention which accompanied such force might not be thereafter abandoned and the force relaxed before the original purpose of the assault is achieved.

Proof of what the appellant actually did is more important upon the question of his intent and purpose, "than the failure to show subsequent acts of sexual intercourse." State v. Phipps, 47 N.M. 316, 142 P.2d 550.

█ It is not correct to say, as appellant does here, that had he entertained the intent essential to a conviction of the offense charged that, under the evidence of the prosecutrix herself, he would, necessarily, have consummated the act, since he would have been able, physically, to overcome all resistance she could offer. Many matters might have intervened to frustrate or defeat the consummation, not the least important of which might be fear of discovery, or of having the act reported to others as was threatened. Moreover, reason and judgment, at first overridden by unrestrained passion, at any stage of the struggle might have gained ascendency and thus the evil purpose and intention once entertained be wholly abandoned. The jury is not required to determine for what particular reason the assailant finally desisted, which may have been for one or more of several reasons. Braswell v. State, 170 Ark. 1192, 280 S.W. 367.

Under point 2 appellant contends that it was error for the court to refuse to give his requested instruction No. 1 which was as follows: "The Court instructs the jury that in determining the guilt or innocence of the defendant of the crime charged in this case, the jury should not allow any prejudice which they feel against such crime to influence them against the defendant, nor should the jury, in deciding whether the defendant is innocent or guilty, feel a prejudice against the defendant on account of the nature of the evidence against him, nor should the jury allow themselves to entertain a prejudice or bias against the defendant by reason of the fact, alone, that the witnesses against him are females".

There is no merit to this contention. The court did give the following cautionary instructions:

"I charge you, Gentlemen, that the crime of the nature of the one which the Defendant is now being tried is one which can be charged with ease, and very difficult to defend against. Therefore, the Jury should carefully and dispassionately weigh and consider the evidence, and they should not allow their prejudices to be aroused against the accused because of the heinous nature of the crime charged. Whatever may be your decision, it should be based solely upon the evidence as you have heard it from the witness stand and the law as given you by the court. Be careful that no prejudice creep into your decision in any way whatever."

"You have no right to allow your prejudices, or your sympathies, or what may be the consequences of your decision to affect your verdict, but you are bound by the oath you have taken to decide the case according to the evidence as you have heard it, and the law as given you by the Court".

Finding no error, the judgment is affirmed, and it is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and THREET, JJ., concur.