266 P.2d 359

## STATE v. MASSEY.

No. 5698.

Supreme Court of New Mexico.

Jan. 29, 1954.

N. Randolph Reese, Hobbs, for appellant.

Richard H. Robinson, Atty. Gen., Walter R. Kegel and Fred M. Standley, Asst. Atty. Gen., for appellee.

FEDERICI, District Judge.

The decisive question in the cause at bar is whether emission is a necessary element of the crime of sodomy in this jurisdiction.

We have no statute defining the crime of sodomy. Our statute, § 41–704, N.M.Stat-

utes 1941 Annotated, providing a penalty only, reads:

"Every person convicted of the abominable crime of sodomy, committed either with human being or any animal, on conviction thereof, shall be imprisoned for not less than one (1) year, or fined in any sum not less than one thousand dollars ($1,000), or by both."

This Court in Bennett v. Abram, 57 N.M. 28, 253 P.2d 316, in holding that sexual copulation per os (felatio) does not constitute the crime of sodomy within the meaning of the aforequoted statute, held that since we have no statutory definition of the term "sodomy" we must look to the common law for its meaning, and this court in said decision defined sodomy as either the sexual copulation, per anum, of a man with another man or with a woman; or the copulation of a man or a woman with a brute animal.

The case at bar involves an accusation by information under the foregoing statute charging unlawful unnatural sexual intercourse with an animal, to wit: a dog.

The trial court refused to instruct the jury that emission was a necessary element of the crime of sodomy, and the defendant tendered a proper instruction requesting the submission of emission as a necessary element, which was refused by the court, and thus the claim of an alleged error in the instructions was properly preserved and is now before this court for decision.

It now becomes necessary to attempt to ascertain what the common law of England was in 1776, for it has been held by this court in the case of Territory v. Maxwell, 2 N.M. 250, and Browning v. Estate of Browning, 3 N.M. 659, 9 P. 677, that in order to so determine we must look to the common law, the unwritten or common law of England, and the Acts of Parliament of a general nature, not local to Great Britain, which had been passed and which were in force at the date of the War of the Revolution, and that are not in conflict with the Constitution or the laws of the United States, nor of this State or former Territory, and which were suitable to the wants and conditions of the people.

Our query therefore is whether emission was a necessary element of the crime of sodomy at common law in the year 1776.

A review of the old English authorities convincingly establishes the fact that between the years 1781 and 1829 the law in England was that emission was a necessary element of sodomy, and for that matter also of rape or carnal knowledge generally. In 1781 in Hill's case, 1 East P.C. 439 (Eng.) it was held by a divided opinion of the English Judges participating that both penetration and emission were necessary elements, and the law thus prevailed until 1829 when by statute (9 Geo. 4, Ch. 31) Parliament

decreed that penetration alone was sufficient to complete the crime, the language of the statute reading:

"It shall not be necessary, in any of these cases, to prove the actual emission of seed, in order to constitute a carnal knowledge, but that the carnal knowledge shall be deemed complete upon proof of penetration only."

So much for the law between 1781 and 1829, and since 1829.

What the common law was in England prior to 1781, and particularly at the date of the War of the American Revolution, raises a vexatious problem which troubled not only the English courts and law writers but also has caused confusion and lack of uniformity of holdings in American state courts.

The most impressive statement we have found on the subject is by the writer in 1 East P.C. 436 (Eng.) who should have known what he was writing about, when in referring to the period of 1770, he stated unequivocally as follows:

"At this period the weight of authority was supposed to be much against the necessity of the two proofs, and that this was not changed until Hill's case in 1781."

Hill's case is of course the case hereinabove first cited, and the two proofs spoken of by the writer in the above quotation were penetration and emission.

We could in this opinion probably stop at this point by merely concurring in the above quoted statement, but in view of the recent holding of this court in Bennett v. Abram, supra, and the failure of the last legislature to give the crime of sodomy the possible statutory definition suggested by this court in the Bennett opinion, and in view of the fact that this is a case of first impression in this court so far as deciding whether or not emission is a necessary element of sodomy is concerned it may not be amiss to refer to some of the authorities.

In the case of State v. Gray, 8 Jones Law 170, 53 N.C. 170, a case involving carnal knowledge of a female child under ten years of age, the Court in holding emission to be a necessary element of carnal knowledge says:

"In England the contrariety of opinion, as to the law on this subject, among her greatest writers and Judges, is remarkable. Lord Coke, in his 3 Inst. 59–60 says that penetration only is necessary to consummate the offense, while in his 12 Rep. 37, proof of both penetration and emission was held indispensable for conviction of the offenders. Lord Hale seems likewise to to have entertained different opinions at different times; see 1 Hawk.P.C. Chap. 4, Sec. 2; Chap. 41, Sec. 1 and 1 Hale, P.C. 628. In 1721 a case was brought before eleven judges upon

a special verdict, when six of them thought both penetration and emission necessary, while the other five deemed penetration only, to be sufficient. The Judges being divided, it was proposed to discharge the special verdict and indict the prisoner for a misdemeanor; see 1 East P.Cr. 437. After that time, for about 60 years, the weight of judicial authority seemed to be in favor of requiring proof of penetration only. But in 1781, a case occurred before Buller, Judge, in which the jury found there was penetration, but no emission, whereupon the learned Judge respited the prisoner until he could obtain the opinion of the other Judges. Two of them, to-wit, Lord Loughborough and Heath, J. held with him, that the offense was complete, but eight others, including Lord Ch. B. Skynner and Lord Mansfield, were of a contrary opinion, upon the ground that carnal knowledge must include both penetration and emission. They held, however, that the latter might be inferred from the former unless the contrary appear probable from the circumstances. * * * The opinion of the majority of the Judges in this case prevailed, without much question, until the year 1829, when by statute of 9th Geo. 4, Chap. 31, it was declared (after recital that many offenders had escaped on ac-

count of the difficulty of the proof in such crimes) that 'it shall not be necessary, in any of those cases, to prove the actual emission of seed, in order to constitute a carnal knowledge, but that the carnal knowledge shall be deemed complete upon the proof of penetration only.' "

In People v. Hodgkin, 94 Mich. 27, 53 N.W. 794, 795, the defendant was convicted of sodomy upon the court's instruction that proof of penetration alone was sufficient. Their statute, like ours, does not define in terms what constitutes the offense. The court held that emission was a necessary element of the crime of sodomy, and in discussing the difference of opinions, states:

"In England the question was not fully settled until 1781, when it was held that proof of emission was necessary to the consummation of the offense. Hill's Case, 1 East, P.C. 439. See Stafford's Case, 12 Coke, 37. The American cases are not uniform. The following cases support the claim of the prosecution that proof of penetration only is necessary. (Citing Virginia, Nebraska and Pennsylvania cases.) In North Carolina and Ohio the doctrine that emission is necessary obtains. State v. Gray, 8 Jones [Law] (N.C.), 170; Williams v. State, 14 Ohio 222. The question had never been decided by the supreme

court of this state. But the legislature in 1841 enacted a statute, the second section of which reads: 'Whereas, upon the trials for the crimes of buggery and rape, * * * offenders may escape by reason of the difficulty of the proof which has been required of the completion of those several crimes, for a remedy thereof, be it enacted, that it shall not be necessary, in any of these cases, to prove the actual emission of seed, in order to constitute a carnal knowledge, * *.'"

The court then points out that this statute has been repealed and the common law revived and states:

"But it will be observed that the act of 1841 was a clear legislative recognition of the common-law rule as laid down by the Ohio and North Carolina courts, and we think that the repeal of this statute evinces a purpose to revive the common-law rule as it was then understood to obtain in this state, and should be given force in determining what the common-law rule in this state then was, prior to the enactment of that statute. We think, therefore, that proof of emission was a necessary ingredient to the offense, and, while it may be inferred from proof of penetration, and the other circumstances of the case, yet it is a fact which the prosecution must make out before a conviction can be claimed, * * *."

In People v. Smith, 258 Ill. 502, 101 N. E. 957, 958, the defendant was charged with committing the crime against nature and evidence disclosed he had inserted his tongue in the private parts of an eleven year old girl. In holding that such conduct did not constitute the crime against nature, the court says:

"Sodomy was not proved, but we have held that the crime against nature, as that expression is used in our statute, is more extensive than sodomy. Honselman v. People, 168 Ill. 172, 48 N.E. 304. In all the cases in which convictions have been sustained of which we have knowledge, the male sexual organ was involved. It was necessarily so at common law, for both penetration and emission were essential elements of the offense. By statute 9 George IV, c. 31, § 18, it is provided, after reciting the fact of the frequent escape of offenders because of the difficulty of the proof of the completion of the crime, that proof of penetration only should be sufficient for conviction. Our statute provided, in 1827, that it shall not be necessary to prove emission to convict any person of the crime of rape, or of the crime against nature, applying the same rule to both crimes."

The early English common law is discussed and analyzed very thoroughly in the case of State v. McGruder, 125 Iowa 741, 101 N.W. 646, 647, where it is said:

"The authorities are in conflict as to whether proof of emissio seminis is essential in a case like this. A review of the early English cases by Mr. East will be found in 1 East, P.C. 437, where it is noted that Lord Coke stated in the Institutes that 'there must be penetration—that is, res in re—but the least penetration maketh it carnal knowledge. Emissio seminis makes it not sodomy, but is an evidence in the case of penetration.' But in his Reports Coke seems to have expressed a different view (12 Rep. 37), though Lord Hale was of the opinion that there was a mistake therein, and that the statement in the Institutes expressed Coke's real opinion."

The McGruder case, in speaking of the theory contended for by appellant here, makes this observation:

"The unsoundness of the contrary opinion is emphasized by the enactment of statutes both in England and in many of the states, including this, eliminating the necessity of such proof in cases of rape. There is even less ground for exacting it in establishing the crime against nature, for. 'the enormity of the offense,' as was observed in State v. Vicknair, 52 La. Ann. 1921, 28 So. 273, 'consists solely in its utter beastiality.' * * * That there may be 'carnal copulation' without consummation of all that intended seems too evident for argument, and we are content with holding, without farther elaboration, that proof of res in re, without more, is, sufficient to justify conviction."

Another jurisdiction holding that emission is not a necessary element of the offense is Kentucky, where in White v. Commonwealth, 115 Ky. 473, 73 S.W. 1120, it was said:

"The decisions on this point have not been uniform, but the drift of the latter decisions in both the English and American courts is to hold that nothing more than res in re, without regard to the extent of the penetration or emission, is all that is required."

Louisiana, as was noted in the McGruder case, supra, is likewise in accord with appellee's contention. In the case of State v. Vicknair, 52 La.Ann. 1921, 28 So. 273, decided in 1900, the court discussed the early American decisions and the English law and stated that the early American decisions, in face of Hill's case, followed the theory that emission was not necessary.

The annotation appearing in American and English Annotated Cases, Vol. II, at p. 93, states that in the United States the courts have generally held that emission

is not necessary to constitute sodomy and that the question was unsettled in England prior to Hill's Case in 1781. This annotation discusses the case of People v. Hodgkin, supra, which is relied upon heavily by appellant. Concerning this case, the annotator states:

· "It should be noted that this decision is based largely on the authority of State v. Gray, 8 Jones [Law] [170], 53 N.C. 170 and Williams' v. State, 14 Ohio 222, and that as pointed out above, the latter case has been practically overruled in Blackburn v. State, 22 Ohio St. 102."

In 80 American Decisions 361, it is stated as follows regarding rape:

"The common law of England until 1781, and consequently the common law of this country as stated by Mr. East (1 East P.C. 436–440), is, that proof of penetration is sufficient, and emission need not be proved, since the forcible dishonor of the female, which is the essence of the crime, is effected completely by penetration without emission: So Robertson's Case, 1 Swin. 93. But in a later English case, decided in 1781, long after the colonization of this country, the majority of the judges held emission indispensable, on the ground that 'carnal knowledge' could not exist without emission: * * * In this country, the common law as stated by East, supra, should settle the question,

and establish that emission is not necessary, and that penetration is sufficient, and such is now the current of authority: (Citing cases)." .

One of the earliest American cases upon this subject is Commonwealth v. Thomas, 1812, 1 Va.Cas. 307, 3 Va. 307, Va.Rep. Anno. 80. That case flatly held that penetration was sufficient although emission was not proven. The annotation in V. Rep. Anno. states:

· "This has been vexata quaestio amongst the lawyers, and judges in England, and decisions have frequently been made both ways, particularly in the crime of rape. The general Court thought that the opinion of Coke as expressed in his No. 3 V. Institutes 59, 60, and of Lord Hale (1 HH 628) together with those modern decisions in favour of the fact of penetration alone constituting the crime of rape as well as sodomy, were more rational than the contrary opinions and decisions which require both facts to be proved, and on this ground decided as mentioned above. See 1st East's Crown Law, p. 436–440."

The earliest reported American case in point appears to be Pennsylvania v. Sullivan, 1793, 1 Add., Pa., 143, where it was held that under the common law emission was not necessary to prove the crime of rape.

The Supreme Court of Hawaii, in refusing to adopt the contention urged by appellant here, stated in Territory v. Chee Siu, 25 Hawaii 814, as follows:

"The ridiculous and morbid rule to the contrary announced by some early day English and American courts cannot be accepted as the true doctrine of the common law either as to the crime of rape or to the crime of sodomy."

In addition to the statement by the writer East, quoted hereinbefore from 1 East P. C. 436, the same question was considered by other English authorities of the day. In 1 Hale P.C. 438, it is stated that emission is necessary. The authority given for that statement is Hill's case which as has been pointed out was decided some six years after 1776. Likewise, 1 Hawkins P.C. 9, states that emission is necessary but it is significantly noted that this writer does not cite East. In 12 Coke 37, 77 Reprint 1318, it is stated that emission is necessary but as has been previously pointed out the early American decisions and many of the English text writers were of the opinion that this was not the true opinion of Lord Coke and that his opinion as expressed in the Institutes was the opinion which was to be followed.

In 2 Bishop Crim.Law, 9th Ed., the writer states this concerning the problem:

"§ 1127. 1. Definition.—There must be penetration; there need not be emission.

"2. Emission—(Sodomy and Rape.) —The decisions as to whether or not emission is essential in rape have not been uniform. Hale deems it not necessary and there appears to have been no contrary adjudication at the date of his writings. But Coke said that emission is essential in sodomy, so decided 'in the case of Stafford, who was attainted in the King's Bench and executed;' adding, yet whether or not as expressing his own opinion may be uncertain: 'In rape there ought to be penetration and emission of seed.' But though writers generally assume that rape and sodomy stand on common ground, reflection may suggest differences. In a subsequent case, the court was divided as to whether emission is essential even in sodomy.

"§ 1128. 1. Early English Decisions on Emission.—East has stated at length the authorities on this question down to the time he wrote; we need not restate them. His conclusion appears that until Hill's Case was decided in 1781, long after the settlement of this country, the current of authority was clear against its necessity.

"2. Our Common Law—follows the English as it stood before, not after, Hill's Case.

\*  \*  \*  \*  \*  \*

"§ 1131. American Doctrine as to Emission.—We have seen that in prin-

ciple our common law on this question is the law of England as it existed while emission was unnecessary. Our decisions on the question are not numerous. One case leaves it doubtful; one holds this ingredient not to be required in sodomy; most of them decide that it is unnecessary in rape. In North Carolina, emission was adjudged to be essential in the offense of carnally abusing a girl under the age of ten years; but a statute promptly corrected the error, and made this element unimportant. The Ohio Court, on little or no consideration, held emission to be essential, and afterward affirmed the doctrine on the ground of *stare decisis*; but intimated that if the question were new, the decision would be the other way."

Other cases holding emission to be unnecessary in either sodomy or rape, adultery or other cases involving carnal knowledge are: Almendaris v. State, Tex.Cr. App.1903, 73 S.W. 1055; Drawdy v. State, 97 Fla. 367, 120 So. 844; Osgood v. State, 1885, 64 Wis. 472, 25 N.W. 529; Comstock v. State, 1883, 14 Neb. 205, 15 N.W. 355; Commonwealth v. Hussey, 1892, 157 Mass. 415, 32 N.E. 362; Rodgers v. State, 1891, 30 Tex.App. 510, 17 S.W. 1077; State v. Griffin, 175 N.C. 767, 94 S.E. 678, and Means v. State, 125 Wis. 650, 104 N.W. 815.

From the foregoing review of the authorities, it is our view that since New Mexico adopted the common law of England as it existed prior to the decision in Hill's case, supra, decided in 1781, that it appears to our satisfaction that at the time as of which the common law was adopted in New Mexico the weight of authority in England was that emission was not a necessary element of the crime of sodomy.

Furthermore our position is fortified by our further view that it becomes apparent under the old early English authorities, and for that matter the early American authorities, that emission was an element considered either necessary or not necessary in connection with all crimes involving carnal knowledge, such as sodomy, rape, adultery, etc.; and, if we are correct in this view, then this opinion is further fortified by the holding of this court in the case of State v. Harbert, 1915, 20 N.M. 179, 147 P. 280, in which case this court speaking through District Judge M. C. Mechem in a very brief opinion, opined in two lines as follows:

"The court's instruction No. 11 that penetration only was sufficient to constitute a rape correctly stated the law."

Judge Mechem in writing the opinion of this court cited no authorities to substantiate his decision, but it becomes very obvious from reading the abstract of the briefs filed and authorities cited in said New Mexico report in 20 N.M. at page 180, 147 P. 280, that respectable authority was submitted and without doubt considered. The practice apparently was for the reporter of the Supreme Court decisions at that time

to make an abstract of the briefs and set them out ahead of the reported opinion of the court, and it is significant that at page 180 of said New Mexico report the following abstract of authorities is reported:

"Prior to 1781 the common law provided that proof of penetration was sufficient, and emission need not be proved. 1 East.P.C. 436.

"But later in the English common law it was held that emission was indispensable on the ground that carnal knowledge could not exist without it. Hill's case, 1 East.P.C. 439; Rex v. Burrows, Russ & Y. 519.

"Since that time statutes in England have made penetration alone sufficient. 9 Geo. IV, ch. 31, sec. 18; 24 and 25, Vict., ch. 100, sec. 63.

"Penetration alone is not sufficient. Blackburn v. State, 22 Ohio St. 102, 110; Williams v. State, 14 Ohio, 222, 226; State v. Hargrave, 65 N.C. 466; State v. Gray, 53 N.C. 170."

From the foregoing it will be noted that many of the authorities cited to this court at that time, including Hill's Case, supra, have not only been called to the attention of this court in the instant case but are referred to in this very opinion. It follows therefore that if we are correct in our understanding of the common law of England as of the time of the American separation from the mother country that the crimes of rape and sodomy stood on equal footing, then of necessity Judge Mechem in his aforesaid opinion must have concluded also that as to rape, emission was not a necessary element of the crime of rape under the common law of England as of 1776.

It follows from what has been said that it is our opinion that emission is not a necessary element of the crime of sodomy in this jurisdiction.

The judgment of the lower court is affirmed.

McGHEE, C. J., and COMPTON, LUJAN and SEYMOUR, JJ., concur.