390 P.2d 653

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Alford SALAZAR, Defendant-Appellant.**

**No. 7371.**

Supreme Court of New Mexico.

March 23, 1964.

Dan B. Buzzard, Clovis, for appellant.

Earl E. Hartley, Atty. Gen., Thomas A. Donnelly, Asst. Atty. Gen., Santa Fe, for appellee.

MOISE, Justice.

Defendant appeals from a judgment and sentence of one to ninety-nine years in the penitentiary imposed following conviction on the charge of statutory rape perpetrated on a thirteen year old female.

Although three points are stated by defendant, they are argued together and all are addressed to the question whether there was adequate proof of penetration to support the verdict.

Briefly stated, it appears that the prosecuting witness testified on direct examination to intercourse with the defendant. She admitted that at the preliminary examination she had denied there had been any intercourse. Thereafter, the prosecuting witness was returned to the stand by defendant and stated there had been no penetration, but after some further questioning and explaining, both in and out of the presence of the jury, stated there had been. The defendant also placed a doctor on the stand

**64**

who had examined the prosecuting witness the morning after the incident. He testified that the girl had some bruises on her neck and shoulder; that the left labia majora was swollen; and that she was crying hysterically. There was no evidence of bleeding or spermatozoa. Based upon these facts, defendant contends there is insufficient evidence to support a conviction, and that the story of the prosecuting witness is so inherently improbable the conviction should not be permitted to stand.

In addition to the foregoing facts, the evidence discloses that the prosecuting witness was taken from her home by the defendant and two other men some time after 2:00 in the morning, and remained with them until about 6:00 a. m. when her mother and grandparents found her with the three men under a bridge outside of town. When found, the girl was in the car with defendant. The girl's clothes had been torn and she was getting dressed, and the defendant was pulling up his trousers. The defendant had been drinking and at the trial took the stand and, while asserting he did not think he had intercourse with the prosecuting witness, stated that he did not remember.

▮ We have carefully reviewed the record and have concluded that the points argued on this appeal are without merit. In this connection we have followed the directions in State v. Richardson, 48 N.M. 544, 550, 154 P.2d 224, 228, as follows:

"* * * We have stated in a number of cases that the district court should, and that we will, examine the evidence with great care to determine whether the testimony of the prosecuting witness is inherently improbable; and if so that in the absence of some evidence of some fact unequivocally and unerringly pointing to the defendant's guilt, a conviction will not be permitted to stand. * * *"

In State v. Shults, 43 N.M. 71, 85 P.2d 591, we held corroboration was not required to convict for statutory rape and in State v. Trujillo, 60 N.M. 277, 291 P.2d 315, a case of indecent handling of a minor under the age of 18 years, we stated that on appeal nothing more was necessary than that it be determined that the testimony of the prosecuting witness not be inherently improbable. From that case we quote the following which seems to be particularly appropriate as an answer to defendant's position:

"We find nothing so inherently improbable in the testimony of this child related from the stand as would warrant us in declaring, as a matter of law, that it can not support a conviction. As said in State v. Shults, supra, speaking of prosecutions for statutory rape, the testimony of a child of tender years frequently is the only evidence obtainable. The obvious sincerity of a wronged child in telling her sordid story to the jury, under oath, ordinarily

carries its own impress of truthfulness. Touching a claim of inherent improbability in the testimony of a child in a prosecution under the act involved in the California cases, cited above, the supreme court of that state, in People v. Huston, 21 Cal.2d 690, 134 P.2d 758, 759, said:

" 'Although an appellate court will not uphold a judgment or verdict based upon evidence inherently improbable, testimony which merely discloses unusual circumstances does not come within that category. (Citation omitted.) To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. (Citations omitted.) Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. (Citation omitted.)'

"It will be found that, in an effort to establish inherent improbability, counsel are compelled to take as established facts certain items of evidence, ten-dered by the defense, which the jury was privileged to reject and, under the verdict rendered, unquestionably has rejected. * * *"

■ As we analyze the position of defendant, it boils down to the proposition that since there was no proof of emission or recent rupturing of the hymen, these facts, taken together with the conflicting statements of the prosecuting witness concerning penetration, result in an inherently improbable story of rape.

Defendant recognizes that emission is not a necessary element of the crime of rape. State v. Massey, 58 N.M. 115, 266 P.2d 359, (a sodomy case in which the rule concerning rape is discussed). He also agrees that "penetration only was [is] sufficient to constitute a rape * * *." State v. Harbert, 20 N.M. 179, 147 P. 280; see also State v. Godwin, 51 N.M. 65, 178 P.2d 584.

By pointing to the evidence supporting his position, he would minimize the additional uncontroverted proof, already related above, which, if believed by the jury, points to guilt of the defendant.

■ We are impressed that there was presented a case where the jury was called upon to determine the facts. As was true in State v. Godwin, we have a situation where "it was for the jury to say to what extent the incriminating circumstances relied upon by the state were weakened by

contrary characterizations, more or less plausible, or by other facts having an opposite tendency in the evidence." The jury, having resolved these issues against defendant, and the evidence not being inherently improbable, as that phrase is defined above, it must follow that the conviction must be affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.